## RHODES v. TURNER et al.

### No. 14481.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 9, 1942.

McGown, McGown, Godfrey & Logan, of Fort Worth, for appellant.

W. L. Coley, of Fort Worth, for appellee J. L. Turner.

Callaway, Wade & Davis, of Fort Worth, for intervener Home Ins. Co.

PER CURIAM.

We have before us a motion by appellant, T. C. Rhodes, for extension of time within which to file the statement of facts. The transcript has been filed within the required time.

The motion shows that the case was tried without a jury, that judgment was rendered in the court below on July 24, 1942, and that no motion for new trial was filed. The motion further shows that appellant filed his supersedeas bond on August 3, 1942, and that thereafter, "on or about" September 1, 1942, he ordered and directed the official court reporter to prepare a statement of facts. Said motion was filed in this court on September 18, 1942.

The motion is not verified, nor is it accompanied by any statement or affidavit of the official court reporter concerning the matter. The motion recites merely that due to press of business the official court reporter will not be able to prepare the statement of facts for filing on or before September 22, 1942, the 60th day after the date of the judgment.

Ordinarily we would hold that the motion is insufficient to show good cause for not filing the statement of facts within 60 days after the judgment. No reason is offered by appellant for waiting until September 1, the 39th day after the date of the judgment, for ordering the statement of facts from the official court reporter. The San Antonio Court of Civil Appeals, in Douglass v. Mercer, 124 S.W.2d 401, refused to grant an extension of time where the appellants waited until the 43rd day to order the record.

For some time this court has followed a policy of liberality, perhaps too much liberality, in granting extensions of time for

filing transcripts and statements of fact. The policy has been followed partly because of the fact that the adoption of our new Rules of Procedure, Rule No. 386, reduced from 90 to 60 days the time for filing the record in several counties in this district which operate under the so-called Special Practice Act and partly because of the fact that during several months of the latter part of 1941 and the early part of 1942, the extensive remodeling and repair work being done in the Tarrant County Court House seriously disrupted the work of the clerks and court reporters of said county.

■ Due to the fact that the liberal policy of this court just referred to may perhaps have caused the appellant in this case to be less diligent than he otherwise might have been in procuring the statement of facts within the required time, he will be granted 20 days from the date of this order within which to file the statement of facts in this court.

■ We take this occasion to announce to the members of the Bar, and to the official court stenographers and the clerks of the courts in this supreme judicial district, that henceforward this court will require a strict showing before granting extensions of time for filing transcripts or statements of fact. It will be our policy to require that all such motions be verified and that they be accompanied by affidavits of the court reporters or clerks in question, setting out in detail the reasons why the records in such cases cannot be prepared in time for filing within 60 days.

In the event the appellant delays any substantial time after judgment or order overruling motion for new trial in ordering the record from the clerk and the official court stenographer, a strict showing of good cause for such delay will be required.

■ We also announce that henceforward it will be our policy to require a strict showing of good cause in any case where requests are made for additional time within which to file briefs; and that this court will be reluctant to postpone the submission of any case except upon a showing of good reason therefor.

These changes in policy are required by the fact that the docket of the court is now in such condition that causes will in the future be set for submission within a short time after they are filed, and it will therefore become necessary that they be prepared for submission sooner than has been required in the past.