## DARDEN v. DAVIES et al.

Court of Civil Appeals of Texas. Amarillo.
Feb. 7, 1949.

W. J. Hodge, of Austin, for appellant.

Klett, Bean, Evans & Justice, of Lubbock, for appellees.

PITTS, Chief Justice.

The question presented for our determination is whether or not appellant, Luther Darden, has shown good cause for an extension of time for having the transcript and statement of facts filed in this court in order to perfect an appeal. In a motion filed in this court on January 17, 1949, by appellant, he seeks a thirty-day extension of time for filing the transcript and statement of facts for the alleged reason that his "attorney, W. J. Hodge, was indisposed due to his own illness and the illness of his wife and child" during the latter part of November and the first week in December and was therefore unable because of such alleged facts to perform his duties in perfecting the appeal. He further states that he had some difficulty in getting the statement of facts prepared. Appellant does not state when the judgment of the trial court was rendered or when his time for filing the record would expire. Neither does he show whether or not he sought an extension of time in the trial court.

■ In presenting a motion such as appellant here presented, the date of the trial

court's judgment and other facts in support of the motion should be presented in order that the Court of Civil Appeals might be able to pass on the motion intelligently. The appellate court should also be advised whether or not a request for additional time has been made to the trial court and what the result was if such a request has been made. Appellant's motion is not supported by any character of evidence other than it is verified by his attorney. It appears to have been sworn to by his counsel on January 13, 1949. The motion states in part "that such Statement of Facts is now nearly complete and will be ready for filing in a short period of time, and that such Transcript is complete and ready for filing at this time."

Appellees, Marjorie Post Davies et al., are contesting in writing appellant's said motion and they attach to their objections several exhibits signed by appellant's said attorney. Four of the said exhibits are letters written to appellees' attorney by appellant's attorney of dates November 11, November 26, December 2 and December 7. All of the said letters appear to have been written concerning the appeal of this case and three of them were written during that period of time that appellant alleges his attorney was "indisposed". One of the said exhibits is a copy of appellant's notice of appeal signed by his attorney. The said copy of the notice of appeal furnished by appellees shows the trial court's judgment was rendered on November 24, 1948. Such being true, the sixty-day period authorized by Rule 386, Texas Rules of Civil Procedure, for filing a record would not have expired until January 23, 1949. Appellant stated in his motion sworn to by his attorney on January 13, 1949, ten days before the expiration date for filing the record, that the transcript was then complete and ready for filing and the statement of facts was then "nearly complete and will be ready for filing in a short period of time." No reason is given for his failure to tender the transcript for filing within the sixty-day period. Since the statement of facts was nearly ready for filing ten days before the expiration of the period, it appears to us that the same could have been tendered for filing within the sixty-day period if appel-

lant had exercised due diligence in the matter. Neither the transcript nor statement of facts has yet been tendered to the Clerk of this court for filing. At no time has appellant sought to excuse himself for not tendering the transcript for filing but, on the contrary, he states under the oath of his counsel that the same had been completed and was ready for filing ten days before the time for filing the same had expired.

It is the proper filing of the transcript within the time period fixed by law that confers jurisdiction upon the Court of Civil Appeals whether the statement of facts is filed at all or not. Such has been previously held by this and other courts. If both the transcript and statement of facts are properly filed and if, for some good and sufficient reason, the statement of facts only must be stricken, the Court of Civil Appeals does not lose jurisdiction of the appeal simply because the statement of facts has been stricken.

In the case of Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585, the Supreme Court held that a Court of Civil Appeals must not arbitrarily extend the time for filing the record for appeal but can only extend the time upon a request such as we have here when good cause has been shown. Since appellant has not made an attempt to show good cause for his failure to tender the transcript to be filed in this court, it would certainly be an abitrary act on our part to extend the period of time for filing the transcript. Inasmuch as appellant's counsel swore ten days before the period of time would have expired that the statement of facts was "nearly complete" for filing and since it appears that appellant's counsel was able to keep in touch with appellees' counsel by correspondence concerning the appeal during that period of time in which he claimed to be "indisposed", it appears that he has not shown good cause for any delay in tendering the statement of facts for filing. It is therefore our opinion that appellant has not shown good cause for having an extension of time granted to him for filing the transcript and statement of facts in this case since he has not sufficiently met the requirements of the law construing Rule 386. For the reasons stated his

motion is overruled. Bradshaw v. Bradshaw, Tex.Civ.App., 187 S.W.2d 688; Rhodes v. Turner, Tex.Civ.App., 164 S.W. 2d 743; Hooe v. Texas Fire & Casualty Underwriters, Tex.Civ.App., 151 S.W.2d 310.