**SIMMS–WYLIE CO. v. CITY OF RANGER.**

No. 2743.

Court of Civil Appeals of Texas. Eastland.
Oct. 21, 1949.

Rehearing Denied Nov. 11, 1949.

Turner & Seaberry, Eastland, for appellant.

Conner & Conner, Eastland, L. R. Pearson, Ranger, for appellee.

LONG, Justice.

Simms-Wylie Company instituted this suit against the City of Ranger for specific performance of an alleged contract for the sale of Lot C, Block 8, Dean Addition to the City of Ranger, and in the alternative, for damages on account of the failure of the City to comply with the terms of said alleged contract. The court sustained special exceptions levelled by the defendant to such petition and the plaintiff having refused to amend, the suit was dismissed. From the judgment dismissing the suit, plaintiff has appealed.

In the first count in its petition, plaintiff made the following averments:

"1. That heretofore, on the 6th day of December, 1945, the defendant was the owner in fee and possessed of the follow-

ing real property. located in Eastland County, Texas: Lots 7, 8, 9, 10, 11 and C, Block 8, Dean Addition to the City of Ranger, Texas.

"That on or about the above mentioned date, the plaintiff and the defendant entered into a contract for the sale of said property by the defendant to the plaintiff, as shown by the following resolution duly passed by the City Commission of the defendant, held in the city hall on December 6, 1945, with J. J. Kelly as mayor and L. E. Gray, V. V. Cooper, Jr., Edwin George and A. L. Stiles as commissioners: 'Motion was made by Commissioner Stiles, seconded by Commissioner Gray, authorizing the sale of the N. Y. A. property, and described as Lots 7-8-9-10 and 11, Block 8, Dean Addn. in the amount of $5,000.00, and Lot C, Block 8, Dean Addition, in the amount of $1,300.00. A total of $6,300.00 for the above described property, $5,000.00 cash and the balance when the improvement on Lot C can be vacated. It was agreed by Mr. Wylie that he would improve the property in order that it could be rented and made suitable for homes, and he further agreed that some of the buildings would be converted into a pecan shelling plant, peanut roasting kitchen, and a peanut butter processing plant. The mayor is authorized to sign a deed over to Simms-Wylie Company. It is agreed that all taxes on the property is to be paid by the city. Motion Carried.' which resolution is duly recorded in Volume No. 9, page 354, of the City Commission Minute Records of defendant, whereby the defendant became bound and obligated to convey to plaintiff said Lots 7, 8, 9, 10, 11 and C, Block 8, Dean Addition to the City of Ranger, for a cash consideration of Sixty-Three Hundred ($6300.00) Dollars.

"2. That pursuant to said contract, the defendant duly executed and delivered its warranty deed conveying Lots 7, 8, 9, 10, 11 and 12, Block 8, Dean Addition to the City of Ranger, to B. B. Simms, Jr., as nominated by the plaintiff herein, which deed was filed for record March 7, 1946. That the defendant was paid and accepted the sum of Five Thousand ($5,000.00) Dollars as a part of the consideration provided

for in said contract, said portion of the consideration being evidenced by check dated December 21, 1945.

"3. That thereafter, on January 3, 1946, there was issued an additional check to defendant in the sum of Thirteen Hundred ($1,300.00) Dollars, being the balance due as the consideration for the conveyance for all of said lots above. described, and which check was retained by the defendant until August 20, 1947, when it was enclosed in a letter of that date.

"4. That the plaintiff has complied with all the terms and conditions of said contract, and has tendered and offered to pay the balance of said consideration and has done everything which in law it was required to do, but the defendant, though often requested, has failed and refused and still fails and refuses to execute and deliver to plaintiff a deed to said Lot C, Block 8, Dean Addition to the City of Ranger.

"5. That the plaintiff has gone in and upon the premises heretofore conveyed and has made valuable improvements, in good faith, and stands ready and willing to make additional improvements upon Lot C, Block 8, Dean Addition to Ranger, Texas, when a conveyance of said premises shall be delivered to plaintiff as agreed upon."

Defendant's special exception No. 1 was as follows:

"1. That plaintiff's petition herein filed on February 21, 1948, is insufficient to show or constitute a cause of action against this defendant as attempted to be set forth therein in Paragraph One of said petition in that it appears from the quoted portion thereof, purported to have been taken from the minutes from the City of Commission, the plaintiff relies upon such quoted minutes as a contract in writing upon which it bases its alleged cause of action. In this connection defendant says that it appears therefrom that the quotation from the minutes of the City Commission of the City of Ranger purports to be only a motion made and seconded for the sale of part of the National Youth Administration property, and is not a resolution, nor is it an

ordinance authorizing the sale of said property, and is insufficient to constitute a written contract, agreement, or a memorandum of an agreement sufficient in terms upon which to base a suit for specific performance. It further shows on its face that the property described therein was National Youth Administration property, and had thereon, or on a portion thereof, certain improvements, and it is no wherein therein alleged that the defendant had authority to use or divert said property for any purposes other than it was then devoted to, that said quoted portion from the minutes of defendant is ambiguous, indefinite, and is not sufficient within itself to constitute a written contract, or form the basis of any lawful authority or power on the part of the defendant to constitute the basis of a written contract. In other words, said quoted motion taken from the minutes of defendant shows on its face that defendant had no power or authority to sell and dispose of the property therein mentioned, nor to the allegations in the first paragraph of plaintiff's petition made in connection with said quoted motion so that defendant had any power or authority to dispose of Lot C, in Block 8 of the Dean Addition to the City of Ranger, and therefore, plaintiff's suit for specific performance should be dismissed."

▆ Plaintiff based its cause of action upon a motion passed by the City Commission of the City of Ranger which is set out in plaintiff's petition and recorded in the Minute Records of said City Commission. We construe the action of the City Commission as no more than an oral motion and hold that it is not a resolution or ordinance authorizing the sale of the property. It was nothing more than an offer by the City to sell the property to appellant. It is not sufficient to constitute a contract or memorandum of agreement sufficient in its terms upon which a suit for specific performance may be based. Harvey v. City of Seymour, Tex.Civ.App., 14 S.W.2d 901; Alford v. City of Dallas, Tex.Civ.App., 35 S.W. 816.

▆ The petition nowhere alleges that appellant accepted in writing the offer by the City to sell it the property. This was necessary to form a binding contract between the parties. American National Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161.

▆ It is the contention of appellant that the motion is at most only voidable and that action pursuant thereto estops the City from denying its validity. We do not agree with this contention. If it should be held that the Minutes of the City Commission set out in plaintiff's petition is a contract, it is our opinion that it is divisible and severable. Separate and distinct considerations are designated for the sale of Lots 7 to 12 in Block 8 and Lot C in said Block. An immediate sale and delivery of Lots 7 to 12 was contemplated but the consideration for Lot C was not to be paid until "it can be vacated." One of the tests of severability of a contract is whether the consideration is apportionable. Read v. Gibson & Johnson, Tex.Civ.App., 12 S.W. 2d 620.

"Acts of the parties in treating the contract as entire or severable have an important bearing on its construction." 17 C.J.S., Contracts, § 335, page 790.

▆▆ The parties treated this contract as severable. Appellant alleges that the City executed and delivered its warranty deed conveying Lots 7 to 12, Block 8, Dean Addition to B. B. Simms, Jr., as nominated by appellant; that appellant paid the City the sum of $5,000.00 as part of the consideration for said property on December 21, 1945; that thereafter, on January 3, 1946, appellant tendered the City a check for $1,300.00, being the balance due as the consideration for the conveyance of all of said property. Appellant alleged the execution of the deed by the City to Lots 7 to 12 and the payment of the consideration therefor and the making of valuable improvements thereon by appellant. It will be noted that the motion passed by the City described the property as Lots 7, 8, 9, 10 and 11 in Block 8, while the petition alleges that the City conveyed to appellant Lots 7, 8, 9, 10, 11 and 12 in Block 8. However, we deem this discrepancy immaterial and that

it has no bearing on the case. There is no allegations of payment of consideration, taking possession and the making of valuable improvements as to Lot C in Block 8. As we view the pleadings when considered as a whole, the City sold Lots 7 to 12, made a deed thereto and collected the consideration therefor; that the City offered to sell to appellant Lot C when it was vacated. There is no allegation that Lot C was vacated. The sum of $5,000.00 paid the City for Lots 7 to 12 was the consideration agreed upon by the parties as disclosed by the Minutes relied upon by appellant. If our construction of the contract is correct, and the same is severable, then the City never acted under that part of the contract in which it offered to sell Lot C. We are of the opinion that the action of the City Commission relied upon by appellant as a contract is no more than a parol agreement to sell land. It is the settled law of this State that to relieve a parol agreement to sell land from the operation of the Statute of Frauds, three things are necessary: (1) payment of the consideration; (2) possession by the vendee; (3) the making by the vendee of valuable improvements upon the land with the consent of the vendor; or without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216. There are no allegations in the petition of either of the above elements, as applied to Lot C. In fact, all of the allegations are to the contrary. It is our opinion that the petition shows upon its face that the contract relied upon by appellant was unenforceable and that the petition did not state a cause of action against the City. We believe the trial court properly sustained exception No. 1 to the petition.

Appellant makes the further contention that the exception to its petition was no more than a general demurrer which is prohibited by Rules 90 and 91 of Texas Rules of Civil Procedure. We believe the exception was sufficient to direct the court's attention to the vice in plaintiff's petition and call its attention to the fact that it was insufficient under the law to constitute a cause of action against the City.

If the action of the City Commission relied upon by plaintiff to constitute a contract was unenforceable, it necessarily follows that it would not support an action for damages based thereon.

The judgment of the trial court is affirmed.