**GERMANIA MUTUAL AID ASSOCIATION,**
Appellant.

v.

**Henry A. SCHAEFER, Appellee.**

No. 3128.

Court of Civil Appeals of Texas.

Eastland.

Jan. 14, 1955.

Richard Spinn, Brenham, for appellant.

W. B. Wright, Cisco, for appellee.

COLLINGS, Justice.

This suit was brought by Henry A. Schaefer against Germania Mutual Aid Association. It was alleged by plaintiff that he was the owner of a certain dwelling house and lot situated in Cisco, Texas, and that the defendant association issued its policy in the amount of $1,000 insuring plaintiff against loss or damage to said house by fire; that on June 14, 1953, while said policy was in effect, a fire occurred in which said dwelling house was destroyed.

Plaintiff sought judgment for the amount of the policy.

The defendant insurance association, among other defenses, alleged and urged that there was a provision in the policy of insurance to the effect that the policy should be void if any change, other than the death of the insured, took place in the *interest,* title, or *possession* of the subject of insurance (except change of occupation without increase of hazard) whether by legal process or judgment, or by voluntary act of the insured or otherwise. The defendant further alleged that plaintiff did, prior to June 14, 1953, the date of the fire and resulting loss, "make a sale of said house or property unto a third person, and that by reason of such sales agreement, the plaintiff did cause a change to take place in his *interest,* title or *possession* of the subject matter"; that by reason of such sale there occurred a change in the *interest,* title and *possession* so as to void the policy of insurance.

The trial was before the court without a jury and judgment was rendered in favor of plaintiff Schaefer for $1,000 with 6% interest from November 14, 1950. Germania Mutual Aid Association has appealed.

In the single point urged by appellant, it is contended that the court erred in holding that appellee Schaefer did not violate the provision of the policy reading: "This entire policy, unless otherwise provided by agreement endorsed herein or added hereto, shall be void if—any change, other than the death of the insured, takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazards) whether by legal process or judgments or by voluntary act of the insured or otherwise."

The evidence discloses that at the time of the issuance of the policy of insurance to appellee Schaefer, covering the property in question, the dwelling house was occupied by tenant. Thereafter, on November 1, 1952, Schaefer entered into an oral agreement with Elmer Crowder to sell him the house and lot for an agreed consideration of $675. Crowder had sold a trailer house to one John Honea and received as consideration therefor Honea's note in the sum of $525. It was agreed between Schaefer and Crowder that the consideration to be paid for the house and lot would be the proceeds of the $525 note when paid by Honea and an additional $150 to be paid by Crowder. The agreement as testified to by Crowder was: "I wanted a house and I went down and talked to Mr. Schaefer and he said that providing the boy paid for the note, and when he did, that he would trade for $150.00 in money." Soon after November 1, 1952, the date of the oral agreement of sale, Crowder moved into the house and continued living there until the time of the fire on November 14, 1953 and at no time paid any rent therefor. It was also shown that Crowder made no improvements whatever on the property. The evidence indicates that the Honea note had been endorsed to and was in the hands of Schaefer before the fire and that, after the fire payment was made to Schaefer on both the note and the additional $150.

After the oral contract to purchase the house, but before the fire, Crowder secured a policy of insurance with another company. Both Schaefer and Crowder testified that they knew nothing of the insurance carried by the other. After the fire, Crowder collected $1,200 for his loss.

The question presented on this appeal is whether an oral executory contract of sale such as the one here described, and the occupancy of the premises by the proposed purchaser, is such a change of title, interest or possession as will void the policy under the quoted clause pertaining to change of title, interest or possession. We are of the opinion that under the facts of the case, there was no such change of title, interest or possession prior to the fire as would void the policy.

▉ Provisions for the forfeiture of a policy of insurance are to be strictly construed against the insurer and in favor of the indemnity. 24 Tex.Jur. 702; Home Ins. Co. v. Puckett, Tex.Com.App., 27 S.W.

2d 111; New Orleans Ins. Co. v. Gordon, 68 Tex. 144, 3 S.W. 718.

■ By statutory law a conveyance of land is required to be in writing and no action may be maintained in any court upon a contract for the sale of land unless the contract or some memorandum thereof be in writing executed by the person to be charged therewith or by some person by him duly authorized. Articles 1288 and 3995, Vernon's Revised Civil Statutes of Texas.

■ Courts, in the exercise of equitable power will, under certain circumstances, relieve a parol agreement to sell land from the operation of the statute, but for such relief to be available, the following facts must appear: (1) payments of consideration; (2) possession of the land by the purchaser; (3) valuable and permanent improvements made upon the land by the purchaser with the consent of the vendor, or in the absence of improvements, the presence of facts which would make the transaction a fraud upon the purchaser if it were not enforced. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Wells v. Foreman Tex.Civ.App., 199 S.W. 1174; Simms-Wylie Co. v. City of Ranger, Tex.Civ.App., 224 S.W.2d 265.

■ In the instant case, Crowder acquired possession of the premises in the sense of occupancy but had neither paid the consideration nor made valuable improvements of any kind upon the land prior to the fire. The requirements had not been met to relieve the parole contract for the sale of such land from the operation of the statute of frauds. The legal and equitable title to the land at the time of the fire remained in Henry A. Schaefer and there had been no such change of interest or title as was necessary to void the policy of insurance. City of New York Ins. Co. v. Middleton, Tex.Civ.App., 62 S.W.2d 681; Insurance Co. of North America v. O'Bannon, 109 Tex. 281, 206 S.W. 814; Philadelphia Underwriters' Agency of Fire Ass'n of Philadelphia v. Moore, Tex.Com.App., 229 S.W. 490, 491; Pennsylvania Fire Ins. Co. v. Stockstill, Tex.Civ.App., 197 S.W. 1036; Detroit Fire & Marine Ins. Co. v. Boren-Stewart Co., Tex.Civ.App., 203 S.W. 382; Dixie Fire Ins. Co. v. Henson, Tex. Civ.App., 277 S.W. 756, affirmed Tex.Com. App., 285 S.W. 265; Home Mut. Ins. Co. v. Tomkies & Co., 30 Tex.Civ.App. 404, 71 S.W. 812, 814; 45 C.J.S., Insurance, §§ 519, 564, pp. 249, 327 and cases cited; 29 Am. Jur. 521; 24 Tex.Jur. 968, 969.

■ It is not necessary for the holder of legal title to personally occupy his premises to be in legal possession thereof. Generally, the owner or holder of legal title to property is deemed to be in possession as long as it is subject to his control. 73 C.J.S., Property, § 14, p. 197; Humphreys Oil Co. v. Liles, Tex.Com.App., 277 S.W. 100. An owner is considered to have legal possession of his property when it is occupied by his tenant, or other occupant whose occupancy is with the consent and at the will of the owner.

At the time of the fire and destruction of the house in question, Crowder, although an occupant of the house, had no legal or equitable title thereto and was in no position to demand a conveyance of the legal title. His oral contract for the purchase of the property was void and unenforceable under the statute of frauds. His possession, which in law was no more than occupancy, was subject to the consent and will of the owner, Schaefer. Schaefer was still in control of the property. Legally, he had constructive possession thereof. There was no change in possession such as to avoid the policy of insurance. 45 C.J.S., Insurance, § 566, pp. 340, 341; Budelman v. American Ins. Co., 297 Ill. 222, 130 N.E. 513; Mackintosh v. Agricultural Fire Ins. Co., 150 Cal. 440, 89 P. 102; Hunt v. United States Fire Ins. Co. of New York, 239 Mo.App. 625, 193 S.W.2d 778.

The judgment of the trial court is affirmed.