**R. O. SISK, Jr., Appellant,**

v.

**Mary M. PARKER, Appellee.**

No. 8162.

Court of Civil Appeals of Texas, Amarillo.

July 19, 1971.

Rehearing Denied Aug. 9, 1971.

C. J. Humphrey, Amarillo, for appellant.

Culton, Morgan Britain & White, Sam R. Cummings, Amarillo, for appellee.

REYNOLDS, Justice.

Appellant has appealed from a judgment rendered against him for damages for breach of contract. The judgment of the trial court is reversed and rendered.

Initially we are confronted with appellee's motion challenging our jurisdiction of this appeal. Previously, as provided by Rule 386, Texas Rules of Civil Procedure, appellant had timely filed his verified motion requesting an enlargement of time within which to file the record. In his motion, appellant alleged that the transcript could be completed and timely filed within the initial sixty-day period prescribed by Rule 386, but the court reporter had advised that the statement of facts could not be completed, due to press of court business, within such period of time. Acting on the then existent facts, this court granted an extension of time. The record was completed and filed after the regular sixty-day period, but within the enlarged time authorized. Following the filing of the parties' briefs on the merits, appellee filed her motion to dismiss the appeal for want of jurisdiction. A decision thereon was reserved pending the submission of the case on the merits, and the case now has been submitted.

In her motion to dismiss the appeal for want of jurisdiction, appellee does not question either the timeliness of the appellate procedural steps or the truth of the matters set out in appellant's verified motion alleged to constitute good cause for the

extension of time authorized. Rather, the thrust of appellee's motion is that appellant's verified motion did not show good cause authorizing the extension of time granted because the said motion was not accompanied by an affidavit from the court reporter certifying the reasons why he was unable to prepare the statement of facts within the sixty-day period prescribed by Rule 386. In this connection, appellee represents that most of the courts of civil appeals, including this court, direct that a motion for extension of time for filing the appellate record must be supported by an affidavit from the official responsible for preparing the appellate instrument—in this case, the court reporter—as a prerequisite to show good cause required by Rule 386 to authorize such enlargement of time.

Thus, in this appeal, we must determine whether Rule 386 requires an affidavit from the official whose record could not be completed within the sixty-day period to support the motion seeking an extension of time; and, if Rule 386 does not make mandatory such supporting affidavit, whether a procedural rule of this court pronounces such requirement.

■ We have reviewed Rule 386 from this perspective and in light of the cases cited by appellee, and we are convinced that the rule makes no such requirement. What the rule does require, before an appellate court can properly authorize an extension of time within which the record may be filed, is a " * * * motion * * * showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed * * * " within such sixty-day period. Our indagation of the authorities annotated under the rule does not reveal any case holding that the rule makes mandatory such an affidavit as advocated by appellee. Rather, the cases hold that such motion as required by Rule 386 must show good cause to merit an enlargement of time, and that good cause depends on the circumstances shown to exist in each case. It is true, as asserted by appellee, that some courts of civil appeals require a motion for extension of time to be accompanied by an affidavit from the official who is unable to complete his record within the sixty-day period. See Rhodes v. Turner, 164 S.W.2d 743 (Tex.Civ.App.—Fort Worth 1942, no writ); Carter v. City of Fort Worth, 357 S.W.2d 581 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n. r. e.); and Rehkopf v. Texarkana Newspapers, Inc., 460 S.W.2d 939 (Tex.Civ.App.—Texarkana 1970, writ ref'd n. r. e.), cited by appellee. But those cases do not hold that Rule 386 makes mandatory such an affidavit, but only that it is a policy of the particular court to require such supporting affidavit.

Appellee cites Bradshaw v. Bradshaw, 187 S.W.2d 688 (Tex.Civ.App.—Amarillo 1945, no writ); Darden v. Davies, 217 S.W.2d 892 (Tex.Civ.App.—Amarillo 1949, no writ); and Rigdon v. Panhandle Pub. Co., 233 S.W.2d 230 (Tex.Civ.App.—Amarillo 1950, no writ), as authority for the assertion that this court requires a supporting affidavit from the official who is unable to complete his record within the sixty-day period. Contrary to appellee's representation, these cases do not announce, and we have found no case from this court announcing, such a mandatory procedural rule or policy. In each of the cited cases the motion for an extension of time, unaccompanied by affidavit or other proof, was contested, and in the last two cases noted, the contesting motions were supported by exhibits negating the existence of good cause for an extension of time. In *Bradshaw*, no reason at all was given in the unverified motion to explain the failure to procure the record for filing within the time fixed by Rule 386. In *Darden*, there was no attempt to show good cause for failure to tender the transcript to be filed, and good cause was not shown for an extension of time for filing the statement of facts. And in *Rigdon*, good cause was not shown for an extension of time for filing the record. In each case an extension of time was denied, but the

denial was founded upon the failure, in light of all the attendant facts and circumstances, to show good cause authorizing an extension, and not for the reason that the motion was not supported by an affidavit from the official whose instrument was at issue.

Where a motion for extension of time to file the record is predicated on the inability of an official to complete his record within the sixty-day period prescribed by Rule 386, it would be the better procedural practice, and one encouraged by this court, to accompany such motion with an affidavit or statement from the official. But since Rule 386 does not specify such requirement, this court is not constrained to promulgate such mandatory procedural rule or policy. There will be instances where such affidavit or statement cannot be obtained; i. e., where the district clerk or court reporter for some reason is unable or refuses to execute such an affidavit. The latter situation arose in Wigley v. Taylor, 393 S.W.2d 170 (Tex.1965), and our Supreme Court said, "We cannot approve denial of a motion for extension of time because of absence of a written statement of a public official who, although affirming inability to perform an official duty within a limited time, refuses to put the affirmation in writing."

Even though it would be the preferable practice, we hold, therefore, that neither Rule 386 nor a procedural rule or policy of this court requires that a motion for extension of time within which to file the record on appeal must be accompanied by an affidavit or statement from the official whose record cannot be completed within the sixty-day period prescribed by Rule 386. Inasmuch as the absence of such an affidavit is the only basis for appellee's motion to dismiss this appeal, the motion is overruled.

Appellant and appellee entered into a written agreement, drafted by appellee's attorney in two designated parts, concerning two tracts of land owned by appellee.

After describing the two tracts of land, the instrument provided:

"It is the desire of (appellant) to purchase Tract No. 1 described above and the desire of both of the Parties hereto to enter into a joint venture regarding Tract No. 2 described above upon the following terms and conditions:"

There followed part A of the agreement, drawn in the usual form for the sale and purchase of real estate, providing for the conveyance by appellee of tract No. 1 to appellant for a consideration of $9,000.00, which was fully performed by the parties prior to the time suit was filed. Part A of the instrument made no reference to part B, the portions of which material to this suit are as follows:

"B. The Parties hereto have agreed, and do hereby agree to form a corporation for the purpose of owning and operating an apartment house or houses to be situated upon Tract No. 2 described above, said business to be conducted under the firm name of 'PARKER SISK APARTMENTS, INC.', if such name is available upon the following terms and conditions:

"1. (Appellee) will furnish, without cost to the corporation, Tract No. 2 described above. (Appellant) agrees to construct in a good and workman like manner at least three duplex or triplex Apartment Building Units on said property. (Appellant) will furnish his knowledge, experience and supervision for the construction of such Apartment Building Units and will pass on to the corporation any discounts, rebates or other refunds received by him in the construction of such Units.

"a. It is contemplated that the corporation hereto will secure a commitment from a Savings and Loan Association for the full costs of the improvements to be located upon Tract No. 2 such loan to to be repaid in equal monthly installments over a period of not less than fif-

teen (15) years and including interest of not more than seven per cent (7%) per annum on the unpaid balance.

"b. It is contemplated that plans and specifications will be agreed upon by the Parties hereto and accepted by the loan company and construction will begin within six (6) months from the date hereof and that construction will proceed without unreasonable delay until completed. Construction will not begin until a commitment satisfactory to both parties has been secured.

"c. In the event that a commitment is not received and construction does not begin within six (6) months from the date hereof, (appellant) agrees to pay to (appellee) the sum of $3,000.00, as liquidated damages for the failure of (appellant) to construct such Apartment Building Units, it being expressedly (sic) understood that the only reason (appellee) would convey Tract No. 1 to the *proposed corporation* (sic) for the price herein agreed upon is the construction and operation of the Apartment Units to be constructed on Tract No. 2.

"2. To secure interim financing and the permanent loan on Tract No. 2, (appellee) agrees to give to (appellant) a promissory note granting a Mechanic's and Materialman's Lien to be additionally secured by a deed of trust in the amount of the loan to be secured on the Apartment House Units. After the units have been completed and accepted, (appellee) will convey Tract No. 2 to the corporation and both of the Parties will execute the note and deed of trust to secure the permanent financing on such Apartment House Units, if required by the loan company."

The remaining fifteen paragraph provisions of part B are concerned with the operation and affairs of the corporation, of which appellant was to be president and manager of the property.

The corporation was not formed, the commitment was not secured, the plans and specifications were not agreed upon, the interim financing instruments were not executed, and construction did not begin within six months from the date of the agreement. More than two years after the execution of the instrument, appellee instituted this suit to recover the $3,000.00 for appellant's failure to perform under the contract. After a non-jury trial, at which evidence was heard, judgment was entered in favor of appellee for $3,000.00.

At appellant's request, the trial judge made and filed findings of fact and conclusions of law. The material findings of fact, summarized and designated by corresponding numbers, were that (2) the parties agreed that the purchase price of tract No. 1 was $9,000.00 plus either appellant's construction, to begin within six months, of apartment units on tract No. 2, or appellant's payment of an additional $3,000.00 to appellee; (3) appellant agreed to form the corporation, and the corporation was to obtain the loan commitment; (6) appellant did not form the corporation; (7) appellant did not apply for a loan commitment until after the six months period had elapsed and did not begin construction within said six months; and (8) appellant did not pay to appellee the $3,000.00 as additional consideration for the conveyance of tract No. 1. From these findings, the trial judge concluded as a matter of law that appellant had breached the contract by not forming the corporation and by either not beginning construction or paying the additional $3,000.00 as consideration for tract No. 1. The trial judge made additional findings of fact, substantially as requested by appellant, that (1) the contract was not amended or changed by any other memorandum in writing; (2) the parties agreed to form a corporation which was never formed; (3) plans and specifications were to be agreed upon by both of the parties and accepted by the loan company; (4) a commitment satisfactory to both parties was never secured; and (5) appellee did not deliver to appellant a promissory note granting a mechanic and materialman's lien

and additionally secured by deed of trust in the amount of the loan to be secured on the apartment house units.

Appellee sued only for the liquidated damages specified in the agreement because of the asserted breach thereof by appellant. Appellee did not seek recission or reformation of the agreement, or allege the contract was ambiguous, or claim any fraud, accident or mistake was involved. The issue, then, before the trial court, and the one presented by this appeal, is the intention of the parties as expressed in the executed instrument. It is apparent that the trial court found the agreement to be entire and indivisible, resulting in the finding and conclusion that the agreement was one for the sale of tract No. 1 for $9,000.00 *plus* either appellant's commencement of construction of apartment units on tract No. 2 within six months or payment to appellee of an *additional $3,000.00 as consideration for tract No. 1.* We assume the trial court made the ultimate finding and conclusion from the language of the instrument itself and not from other evidence, because the court sustained the objection to consideration of any evidence other than the language of the instrument itself and the specific actions taken by the parties in the performance thereof. In any event, we disagree with the trial court's construction of the instrument for the reasons hereinafter stated.

■ Having executed the instrument, the parties are bound by its provisions. Pyle v. Eastern Seed Co., 145 Tex. 385, 198 S.W.2d 562 (1946). In the construction of a contract, the cardinal rule is to ascertain the intention of the parties as that intention is expressed in and determined by the language used in the instrument itself. Reconstruction Finance Corporation v. Gossett, 130 Tex. 535, 111 S.W.2d 1066 (1938), no matter what the actual intentions of the parties may have been. 13 Tex.Jur.2d Contracts § 123. If the instrument is not ambiguous, and there is no contention that it is in this instance and we do not find it to

be, testimony is not admissible to vary its meaning or to show the language was used in a sense different from its ordinary meaning. Morrison v. Hazzard, 99 Tex. 583, 92 S.W. 33 (1906).

■ Looking to the agreement itself, it is evident that it is organized into two parts. Part A is concerned only with the sale and purchase of tract No. 1 for a stated consideration. This part of the contract makes no reference to, and is not dependent upon or common to any condition in, part B. Part A of the contract was fully performed. Part B of the agreement is concerned only with the commercial development of tract No. 2. This part of the agreement was not performed, but, other than in paragraph B.1.c., no reference is made to, and part B is not dependent upon or common to any condition in, part A. The reference in paragraph B.1.c. to tract No. 1 is an expression by appellee, inserted by her attorney, why she conveyed tract No. 1 for the consideration paid, but it is not a provision for $3,000.00 additional consideration to be paid for tract No. 1 if appellant does not perform under part B of the agreement. Read in its entirety, the paragraph clearly reveals that the parties intended the $3,000.00 to be liquidated damages for appellant's failure to construct the apartment units and not as additional consideration for tract No. 1. Liquidated damages constitute the measure of damages agreed to in advance by the parties as just compensation for the breach of a contract where the harm caused by the breach is incapable or very difficult of accurate estimation.

■ ■ The determination of whether a contract is divisible or not is usually a question of law. McMullen v. Kelso, 4 Tex. 235 (1849). The instrument that is the subject matter of this controversy is divided as to the two tracts of land, the treatment with respect to each tract, and the separate consideration apportioned to each tract. As noted above, neither part A nor part B is dependent upon, or common to, the other,

and to the consideration for the agreement. The parties themselves treated the agreement as severable—part A was fully performed; part B was not performed in any respect. Simms-Wylie Co. v. City of Ranger, 224 S.W.2d 265 (Tex.Civ.App.—Eastland 1949, no writ). We hold, therefore, that the agreement is divisible. 13 Tex.Jur.2d Contracts §§ 119, 120, and cases cited therein.

 An examination of the quoted portions of part B of the agreement indisputably shows that the formation of the corporation by the parties, the securing of a loan commitment by the corporation, the agreement as to plans and specifications, interim financing, and the construction of the apartment units were in the contemplation of the parties; however, many of the essential elements of the agreement—e. g., corporate capitalization, the amount of the loan, the plans and specifications—were, by the agreement, reserved for future determination. Nevertheless, the parties did not attempt, or were not able, to agree on these deferred subjects. Where the parties undertake to do an act, without specifying anything more, the law implies, and imposes on each the obligation of providing, whatever cooperation is necessary for the performance. Yet, neither party here did anything about forming the corporation; some plans and specifications were discussed, but were never agreed upon; and the instruments for interim financing were never requested nor executed. The corporation did not, and never having been formed could not, apply for or secure a loan commitment, a prerequisite for the construction, the lack of which appellant is sought to be held liable. In fact, the record is silent as to a request by either party for the other to perform under this portion of the agreement within the six month period provided therein. Consequently, part B is no more than an agreement to agree in the future on essential terms. Since either party by the very terms of the agreement could refuse to agree to anything to which the other party might agree on essential matters, and there was no subsequent agreement, no enforceable agreement resulted with legal consequences flowing therefrom. In such event it is impossible for the law to affix any obligation to such agreement, Williston on Contracts, Third Edition, § 45; 13 Tex. Jur.2d Contracts § 106; Horn v. Builders Supply Co. of Longview, 401 S.W.2d 143 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.); Page & Wirtz Constr. Co. v. Van Doran Bri-Tico Co., 432 S.W.2d 731 (Tex. Civ.App.—Amarillo 1968, writ ref'd n. r. e.), because a nugatory agreement cannot be made the basis of a cause of action. Radford v. McNeny, 129 Tex. 568, 104 S.W.2d 472 (1937).

It necessarily follows that the judgment of the trial court in favor of appellee must be reversed, and judgment here rendered that appellee take nothing by her suit. Rule 434, Texas Rules of Civil Procedure.

Reversed and rendered.