**STOLZ et al. v. WOOD SHERMAN CONST. CO. et al.**

**No. 9211.**

Court of Civil Appeals of Texas. San Antonio.

Dec. 20, 1933.

Rehearings Denied Jan. 31, 1934.

W. O. Bowers, Jr., of Beaumont, and B. D. Tarlton, and H. G. Hart, both of Corpus Christi, for appellants.

L. Hamilton Lowe and Kleberg & Eckhardt, all of Corpus Christi, and Cunningham & Cunningham and Moursund, Johnson, Rogers & Slatton, all of San Antonio, for appellees.

FLY, Chief Justice.

On March 20, 1933, a motion was made by appellants in this case to file the transcript and statement of facts, and thereto was appended an agreement on the part of all appellees except the surety company, that the motion might be granted and the transcript and statement of facts filed as prayed for in the motion. That motion was filed in this court more than five months after the judgment had been rendered and entered in the minutes of the district court. The motion was granted by this court and the record was filed. No motion asking permission to file or to grant further time was made within sixty days from the date of the judgment or the entry thereof.

Since the motion of appellants was granted by this court, two opinions have been handed down by the Commission of Appeals and both adopted by the Supreme Court, in which it is in effect held that courts of appeal have no authority to entertain motions to file out of time, unless such motions are filed within the period of sixty days. In effect, these two opinions settle the question as to the right of the appellate courts to grant the filing of records out of time as being one of jurisdiction, and conclusively hold that these courts have no jurisdiction of a case where applications to file out of time have not been filed during the sixty-day period. This case cannot be distinguished from the referred to decisions of the Supreme Court, Hunter v. Moore, 62 S.W.(2d) 97, and Red v. Bounds, 63 S.W.(2d) 544, 546, on the ground of the consent of appellees to the filing of the record. If this court had no authority to consider a motion to file after the end of the sixty-day period fixed by the statute, that power could not be increased or completely given by agreement of the parties. In the last case cited the language of the Commission of Appeals is: "It was manifestly the purpose of the amendment to the statute in question to deal exclusively with the subject of the time in which the transcript should be filed in the Court of Civil Appeals and to limit the authority of the Court of Civil Appeals so as to prevent its extending the time for filing the transcript in that court unless application for the extension should be made within the sixty-day period."

In other words, the question of the right to file the record being one of jurisdiction, the statute (Rev. St. 1925, art. 1839, as amended by Acts 1931, c. 66) granting such jurisdiction cannot be altered or enlarged by agreement of the parties.

The appeal will be dismissed for want of jurisdiction.