## BOWMAN v. PHILLIPS PETROLEUM CO.

### No. 4032, Motion No. 5710.

Court of Civil Appeals of Texas. El Paso.
June 27, 1940.

J. B. Cotten and John J. Watts, both of Crane, for appellant.

James C. Wilson and Cantey, Hanger, McMahon, McKnight & Johnson, all of Fort Worth, and E. D. Smith, of Crane, for appellee.

PRICE, Chief Justice.

On the 5th day of June, 1940, appellant filed herein a motion for extension of time to file the transcript. On the 6th day of June we entered an order granting this motion, and the transcript was filed by the Clerk on that day. This action was inadvertently taken before appellee had received notice of the filing of appellant's motion. On the 7th day of June, 1940, appellee filed an answer to the motion of appellant, and in such answer sought to have the appeal dismissed.

As grounds for filing the transcript appellant's motion is as follows:

"I. That the deputy district clerk, who is in charge of the preparation of this transcript, is now and has been for several days, on her vacation, and that the said transcript has been partially completed, and that said transcript will be completed within a period of seventy-five days from the date of the final judgment herein, which said final judgment was rendered in this cause on or about the 23rd day of March, A. D. 1940. Plaintiff would further show that there is no one who is experienced in the preparation of transcripts in the clerk's office in Crane County, Texas, with the exception of said deputy district clerk.

"II. Appellant further alleges that this case is being appealed by agreement of the parties, the appellee in this case having told the trial court, prior to the rendition of the peremptory instruction herein, that it would pay and furnish the costs of appeal and hence, appellant prays the Court that good cause exists herein and that said transcript be permitted by this Court to be filed, and that this Court consider this cause on its merits."

This motion was filed within seventy-five days from the date of the entry of the judgment appealed from, but not within sixty days.

■ Under Article 1839, R.S.1925, as amended, Vernon's Ann.Civ.St. art. 1839, if filed within seventy-five days of the date of the entry of the judgment the motion is timely. Another requirement is that the motion show good cause to have existed within the sixty-day period why said transcript could not be filed within that period. It is obvious the sixty-day period meant is the requirement of the previous provision that the transcript be filed within sixty days from final judgment.

■ The first paragraph of appellant's motion does not relate to the condition within the sixty-day period. Final judgment was entered on the 23d day of March, 1940. This motion was filed June 5, 1940. An order for the transcript is not shown during the sixty-day period; that the deputy clerk in charge of the preparation of transcripts was on vacation during the sixty-day period does not appear. The transcript tendered consists of only forty pages. In our opinion the allegations as to facts in the first paragraph of the motion fail to show good cause. Further, the transcript we ordered filed is certified to as of the 18th day of April, 1940, although therein appears a bill of exception which was approved by the trial judge on May 10, 1940, and filed on that date. It does not appear when the judgment appealed from was recorded in the Minutes, but the transcript shows that the term ended March 23, 1940. In the absence of anything shown to the contrary, we must assume that same was entered on that date. That is the only date it could have been entered in the March Term. It recites its rendition on that date.

By the amendment of 1931 to Article 1839, it was provided, for good cause shown before the expiration of the sixty day filing period, the Court of Civil Appeals might permit the filing of the transcript. General Laws, 1931, c. 66, p. 100.

In 1933 Article 1839 was again amended, Vernon's Ann.Civ.St. art. 1839, in substance providing that the motion for extension might be filed within a reasonable time after the expiration of the sixty days, and providing, further, that such time should not exceed fifteen days after the expiration of the sixty-day period. Also it was provided that good cause must be shown to exist during the sixty-day period.

■ Under the amendments of 1931 and 1933 it has been consistently held that the motion must be filed in the time provided by the law to give the Court of Civil Appeals the power to order an extension of time for the filing of the transcript. Parks v. Purnell, Tex.Civ.App., 120 S.W.2d 895, writ granted, and authorities there cited.

542

■ The power to extend time for filing, by the very terms of the law, is that a good cause exists or existed during the sixty-day period. We take it that this "good cause" must appear in the motion seeking the extension. This condition, in our opinion, is of equal rank with the condition as to the time of filing of the motion.

■ We hold that the first paragraph of the motion fails to show good cause as required by law. The second paragraph bears no relation to good cause. It relates to some sort of an agreement that appellee would pay the costs of appellant's appeal. The two paragraphs contain each and every allegation of fact urged by appellant as showing good cause.

The previous order granting the extension of time is hereby set aside, and it is ordered that said transcript be stricken from the record and the appeal dismissed.