## BRADSHAW v. BRADSHAW.

### No. 5682.

Court of Civil Appeals of Texas. Amarillo.

May 14, 1945.

Alvin R. Allison, of Levelland, and Nelson, Brown & McCleskey, of Lubbock, for appellant.

Carl E. Ratliff, of Levelland, and Bradley & Wilson, of Lubbock, for appellee.

PER CURIAM.

We have before us a motion filed on April 25, 1945 by appellant, Leta Bradshaw, asking for an extension of time for filing of the transcript and statement of facts which were tendered on the same day for filing.

The motion states that the trial court overruled appellant's motion for a new trial on February 20, 1945 and that the time for filing the record in this court expired on April 21, 1945, but that appellant was unable to obtain a statement of facts and transcript for filing in this court on April 21, 1945; "that said record has now been obtained from the clerk and court reporter on this the 23rd day of April, 1945, and within the fifteen day period provided by the Texas Rules of Civil Procedure, and appellant now tenders the said transcript and statement of facts for filing and requests the court to enter an order extending the time * * *."

The motion is signed by counsel for appellant but is not verified by any one and no statement or affidavit of the clerk or the court reporter or any one else accompanies the motion explaining or offering to explain the failure to procure the record for filing within the time fixed by the Rules of Civil Procedure.

The statement of facts shows to have been filed with the clerk of the trial court on April 14, 1945, and the transcript shows to have been issued by the said clerk as applied for by appellant on April 16, 1945.

Appellant's motion is contested by appellee, Earl Bradshaw, who contends that good cause is not shown for delay by appellant and that, in fact, no reason is shown for the delay.

Rule 386 provides that: "In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty day period, showing good cause to have existed within such sixty day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

■ In construing Rule 386, the Supreme Court in the case of Parks v. Purnell et al., 135 Tex. 182, 141 S.W.2d 585, held that a Court of Civil Appeals must not act arbitrarily in extending the time for filing the record in such cases but is authorized

to extend the time only when good cause is shown.

According to the interpretation given to Rule 386 by the Supreme Court, appellant is charged with the duty of making some sort of showing as to why the record was not presented for filing by the clerk of this court within the sixty days and is charged with the duty of furnishing satisfactory proof to this court that the delay was excusable. Otherwise, an order by this court authorizing the record to be filed would be an arbitrary act by this court. Appellant has not shown good cause in the instant case for extending the time for filing the transcript and statement of facts tendered and our position is supported by the following authorities. Bowman v. Phillips Petroleum Co., Tex.Civ.App., 142 S.W.2d 540; Hooe v. Texas Fire & Casualty Underwriters, Tex.Civ.App., 151 S.W.2d 310; and Rhodes v. Turner et al., Tex.Civ. App., 164 S.W.2d 743.

Appellant's motion is therefore overruled.