### RIGDON v. PANHANDLE PUB. CO.

Court of Civil Appeals of Texas. Amarillo.
Aug. 28, 1950.

Rehearing Denied Sept. 25, 1950.

Leigh Fischer, Berger, Mullinax, Wells & Ball, Dallas, for appellant.

Sanders, Scott, Saunders & Smith, Amarillo, for appellee.

PER CURIAM.

We have before us a second motion for an extension of time for filing the transcript and statement of facts in this court in this cause, the same having been filed on August 11, 1950, by counsel for Joe W. Rigdon, plaintiff in the trial court and appellant here. Appellant filed his first motion for an extension of time on July 15, 1950. The same was not contested by appellee and was granted by this court in due course on July 31, 1950, allowing 25 days additional time for filing the transcript and statement of facts in this cause. thus extending the time according to the record to August 11, 1950.

Appellant's second motion is verified of date August 10, 1950, but it has no exhibits attached or other proof offered in support of his motion seeking further time for filing the record in this cause. He states in both his first and second motions that the trial court overruled his motion for a new trial on May 18, 1950, and that the said court thereafter on July 6, 1950, granted him ten days additional time for filing the statement of facts. He further states in the said second motion that the clerk of the trial court has been unable to prepare the transcript for filing in this court within the period of time as extended by this court and that appellee's counsel had failed and refused to approve the statement of facts as it was prepared, for which reasons appellant seeks thirty days or more additional time for filing the transcript and statement of facts in this cause.

After being duly served with notice of appellant's second motion for an extension of time for filing the record in this cause, appellee on August 21, 1950, filed a reply to the same resisting appellant's second motion. Appellee's reply is verified and has attached thereto and made a part thereof as exhibits photostats of a part of the record and copies of letters supporting its contest made. Among the exhibits presented by appellee is a photostat of the cover of the transcript prepared in this cause by the clerk of the trial court, Mrs. Wallace Kelley, and a photostat of her certificate to the transcript, both of which bear her signature and they show that the transcript in this cause had been prepared on July 18, 1950, as previously requested by appellant's counsel and the former mentioned photostat shows that the said transcript had been delivered to appellant's counsel on July 18, 1950. Appellee further contends that the statement of facts presented to its attorneys for approval was not a complete statement of facts and did not reflect the record in full and exhibits are attached to its pleading in support of its contention.

On August 24, 1950, subsequent to the filing of appellant's second motion and the contest thereof filed by appellee, appellant himself tendered to the clerk of this court for filing the transcript in this cause consisting of 243 pages, together with the statement of facts in three volumes and certain original exhibits, which were included by supplemental request. The cover on the said original transcript and the trial court clerk's certificate contained in the transcript both bear the said clerk's signature, Mrs. Wallace Kelley. They reveal that the transcript, containing all of the proceedings had in the trial court, was completed and delivered to appellant's counsel on July 18, 1950, thus supporting the photostats to that effect furnished by appellee.

■ Jurisdiction is conferred on this court in such a case by filing the transcript here in accordance with the provisions of the rules. Darden v. Davies, Tex.Civ. App., 217 S.W.2d 892; Walker v. Cleere, Tex.Civ.App., 171 S.W.2d 151; certified question answered 141 Tex. 550, 174 S.W. 2d 956. It clearly appears from the record that appellant's counsel received the completed transcript in due form from the clerk of the trial court long before the period of time as extended by this court had expired but appellant has not made any attempt to show why such transcript was received in due time for filing, yet not tendered for filing until after the period of time had expired.

Appellate jurisdiction in a case such as this is acquired by complying with the provisions of Rule 386, T.R.C.P. Under the provisions of the said rule, appellant is required in such cases to file the transcript and statement of facts in the Court of Civil Appeals within sixty days from the date of the trial court's judgment overruling a motion for a new trial. However, the said rule further provides that for good cause shown appellant may obtain from the Court of Civil Appeals an extension of time by showing good cause for delay, provided a good and sufficient motion is filed with the said court within a reasonable time, not exceeding fifteen days after the expiration of the sixty-day period, showing the existence of such

good cause. It has been held that a second motion for an extension of time may be considered, even when filed after the 75 day period above mentioned has expired, provided the first motion has been timely filed and considered.

In the case of Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585, the Supreme Court has construed the provisions of Rule 386 which rule was originally stated in Article 1839, as amended, Revised Civil Statutes, and the construction of the said rule as there stated by the Supreme Court has since been consistently followed. The court there held that a second motion may be considered if the first motion has been timely filed and considered, but it also held that a Court of Civil Appeals must not act arbitrarily in extending the time for filing a record in such cases. The Court of Civil Appeals is authorized to extend the time only when the rules of procedure have been complied with and good cause for an extension of time is properly shown.

■ This court has held that appellant, when seeking an extension of time in such a case, is charged with the duty of making some sort of a showing as to why the transcript, which is the basis for conferring jurisdiction upon this court whether a statement of facts is ever filed or not, was not presented for filing by the clerk of this court within the period of time authorized and appellant is further charged with the duty of furnishing satisfactory proof to this court that the delay was excusable and was not caused by appellant's own negligence. Otherwise an order by this court authorizing the transcript and statement of facts to be filed late would be an arbitrary act by this court. Bradshaw v. Bradshaw, Tex.Civ.App., 187 S.W.2d 688; Darden v. Davies, supra. These authorities are supported by the case of Rhodes v. Turner, Tex.Civ.App., 164 S.W. 2d 743.

In this case on July 15, 1950, appellant filed his first verified motion for an ex-

tension of time setting out the necessary facts in support thereof and asked for a reasonable extension of time for filing the record without intimating how much time he needed for such. His request was not contested by appellee. This court granted his request and extended the time for 25 days or until August 11, 1950. On the last mentioned aforesaid date, appellant filed his second verified motion asking for thirty additional days or more in which to file the record. He merely alleged that because of the "voluminousness and extensiveness of the proceedings in the said cause" the clerk had been unable to complete her work on this appeal within the required period of time and that she will probably not have completed the transcript for a period of thirty days more. He does not support his motion with any statement from the trial court clerk, the court reporter, or anyone else.

Appellee resists appellant's second motion with a verified pleading which has exhibits attached thereto and made a part thereof showing by the trial court clerk's cerificate and the cover of the transcript prepared by her that the transcript in this cause was completed and delivered to appellant's counsel on July 18, 1950, which was thirteen days before this court granted appellant's first motion for an extension of time. Such is verified by the original transcript itself presented for filing.

■ Applying the well recognized rules to the record presented to us, it is our opinion that appellant has not met the requirements of such rules in his attempt to show good cause for a second extension of time to file the record in this cause. To grant his said motion would be an arbitrary act on the part of this court, which is prohibited by the Supreme Court's construction of the rules. Appellant's second motion for an extension of time is therefore overruled and his request for filing the record late is denied.