DONNELLY v. DONNELLY.

No. 15284.

Court of Civil Appeals of Texas.
Fort Worth.

July 13, 1951.

Lester Boone, of Odessa, and Ted E. Frossard, of Dallas, for appellant.

Joe F. Orr and Lloyd E. Price, both of Fort Worth, for appellee.

RENFRO, Justice.

This case is before us on motion of the appellee to dismiss the appeal on the ground that the judgment of the trial court became final before the appellant completed the appeal and that this court is without jurisdiction to consider the appeal. The final judgment in the case was rendered by the trial court on February 14, 1951, and on February 23, 1951, a motion for new trial was filed by the appellant. The trial court entered an order overruling appellant's motion for a new trial on April 19, 1951, or more than forty-five days after the motion for a new trial was filed. No written agreement of the parties was executed or filed under which the determination of the motion could be postponed to a later date. No such agreement having been presented to the court, the motion for new trial was overruled by operation of law at the expiration of forty-five days after February 23, 1951. It does not appear when the motion for a new trial was presented to the trial court but the order overruling same recites that it was overruled after "having heretofore been presented to the court in due time, manner and form and with due notice." Assuming that the motion was presented within the thirty day period required by the Rules of Civil Procedure, rule 330, the motion was nevertheless overruled by operation of law on April 9, 1951.

The record shows that the transcript was not received in this court until June 15, 1951, or sixty-seven days after the motion for new trial was overruled by operation of law. Rule 386 provides that the appellant shall file a transcript and statement of facts with the clerk of the

Court of Civil Appeals within sixty days of the rendition of the final judgment or order overruling the motion for new trial. Appellant filed no motion under the above rule showing good cause why his record could not have been timely filed. Compliance with Rule 386 is necessary to invoke the exercise of the appellate court's jurisdiction.

We conclude that appellant's motion to dismiss the appeal is well taken and should be sustained. Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624, Comm. of App., opinion adopted by the Supreme Court. Highland Farms Corporation v. Fidelity Trust Company of Houston, 125 Tex. 474, 82 S.W.2d 627, Comm. of App., opinion adopted by the Supreme Court; Jones v. Campbell, Tex.Civ.App. 188 S.W. 2d 679, error refused; Horwitz v. Finkelstein, Tex.Civ.App., 182 S.W.2d 751, error refused; National Life & Accident Ins. Co., v. Collins, Tex.Civ.App., 224 S.W.2d 285, error refused.

The appeal is hereby dismissed at appellant's cost.