**STRALEY**

v.

**COMMISSIONERS' COURT OF LAMPASAS COUNTY.**

No. 10203.

Court of Civil Appeals of Texas.

Austin.

March 17, 1954.

J. J. Byrne, Lampasas, for appellant.

Abney, Hammett & Lynch, Gordon C. Cass, County Atty., Lampasas, for appellee.

**PER CURIAM.**

The record in this cause should have been filed in this Court not later than September 28, 1953. It was received for filing by our Clerk on September 30, 1953.

Upon notification that the record had been received too late for filing appellant on October 1, 1953, filed a motion in this Court for an extension of time within which to file such record..

Proper notice of this motion was duly given appellee and no objection to the granting of such motion having been received we granted the motion on October 14, 1953.

Thereafter this case was set for submission and oral argument on the 10th day of February, 1954, attorney for appellee only appearing and arguing. Neither in such argument nor in its brief did appellee argue or assign as error our action in permitting this record to be filed.

On February 24, 1954, we handed down our opinion in which we reversed the judgment of the trial court and rendered judg-

ment protecting appellant from an unconstitutional deprivation of his property rights.

Appellee has now filed a motion for rehearing in which it for the first time complains of our action in granting an extension of time within which to file the record herein. This assignment is No. 66, the Motion for Rehearing containing 70 assignments of error. The prayer of the motion is only that we reconsider our original opinion and affirm the trial court's judgment.

Appellant's motion for an extension of time set forth the following reasons as constituting good cause within the meaning of Rule 386, Texas Rules of Civil Procedure:

"Appellant respectfully petitions this Court for permission to file the Transcript for the reason that the attorney representing the Appellant, J. J. Byrne of Lampasas, Texas, was laboring under the belief that the sixty days would not expire until September 30, 1953, as it did not occur to him that July and August had thirty one days in said months; that this Appellant would further show this Court that the Statement of Facts were not filed on time, and that an extension had to be obtained in the trial court for the filing of same, as will be reflected by said Transcript; that due to both factors the filing of the Transcript was delayed; that an extension of two days will permit this record to be heard by this Honorable Court."

We do not believe these grounds meet the requirements of the Rule. Matlock v. Matlock, Tex.Sup., 249 S.W.2d 587.

We are also of the opinion that this is a matter which cannot be waived by the parties. Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956.

The Motion for Rehearing is granted, our order granting appellant's motion for an extension and our judgment heretofore rendered are set aside, our opinion withdrawn and judgment is now rendered denying appellant's Motion for an extension of time to file the record herein and dismissing his appeal.