**UNITED STATES**

v.

**PACIFIC FINANCE CORP. et al.**

**UNITED STATES**

v.

**PACIFIC FINANCE CORP. et al.**

Nos. 12682 and 12683.

Court of Civil Appeals of Texas.

Galveston.

July 29, 1954.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Edward W. Rothe, Sp. Assts. to the Atty. Gen., Malcolm R. Wilkey, U. S. Atty., for the S. D. of Texas; and Charles L. Short, Asst. U. S. Atty. (Wilkey & Short, Houston), for appellant.

Bryan, Suhr & Bering and James P. Bailey, Houston, for appellee.

PER CURIAM.

Appellee Pacific Finance Corporation has urged in its motion for rehearing that this Court erred when it granted appellant's motions for extensions of time within which to file the records in this Court.

A reconsideration of appellant's original motion for an extension of time within

which to file the records in this Court convinces us that good cause did not exist within the 60-day period provided in Rule 386 for failing to file the records. because it is shown that the appellant never ordered the preparation by the District Clerk of the transcripts in these causes until December 17, 1953, 86 days after the final judgments had been entered in the District Court on September 22, 1953, and 14 days after this Court had granted appellant's motion—filed November 10, 1953—for an extension of time within which to file the records in this Court. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, and Straley v. Commissioners' Court of Lampasas County, Tex.Civ.App., 266 S.W.2d 469.

The only grounds contained in appellant's first motion for an extension of time within which to file the records in this Court were "that the preparation of the statements of facts and the transcripts cannot be completed in time to allow the statements of facts and transcripts to be filed with the Clerk of the Court of Civil Appeals within 60 days from the date of the final judgments." This motion was timely within Rule 386.

The appellee duly objected to appellant's motions for an extension of time, pointing out in its answer that the preparation of the records had not been ordered. After the transcripts had been filed within the extended period, appellee moved to dismiss the appeals and to strike the transcripts on the ground that appellant had failed to show good cause as required by Rule 386. We overruled such motion.

To the extent that appellee's motion for rehearing alleges that we erred in granting an extension of time for filing the records, such motion for rehearing is granted. Our former order granting such motion to extend time is now vacated, and the motion is refused.

Our former judgment reversing and remanding these causes entered June 3, 1954, is set aside, our original opinion filed that date is withdrawn, and judgment now entered dismissing the appeals herein.

If the Supreme Court should hold that we are in error in dismissing these appeals, then it is the opinion of this Court that its findings and judgment appearing in the withdrawn opinion are correct, and appellant's and appellee's motions for rehearing should be refused.