**Olin N. JAYE, Appellant,**

v.

**TEXAS CONSOLIDATED OILS et al.,**
Appellees.

No. 15055.

Court of Civil Appeals of Texas.

Dallas.

Feb. 3, 1956.

Sessions, Hoffman & Sessions, Dallas, for appellant.

Carrington, Gowan, Johnson, Walker & Bromberg, Hubert Johnson, Johnson & Abney, W. B. Harrell and Morris Harrell, Dallas, for appellees.

DIXON, Chief Justice.

We permitted the filing of the record in this case over the objections of appellees that the record was filed late and in violation of Rule 386 T.R.C.P. Appellees have again raised the issue in point one of their brief on appeal.

The material facts are undisputed. The judgment of the trial court is dated April 15, 1955. Appellant did not file with the District Clerk his request for a transcript until June 16, 1955—two days after the expiration of the sixty-day period allowed under Rule 386 T.R.C.P. for filing the record in this Court.

Appellant does not attempt to explain his failure earlier to request a transcript. However after the rendition of judgment he changed attorneys, though it is not shown exactly when he made the change. His new counsel, who was attempting to perfect an appeal, was not the attorney who had tried the case.

On June 29, 1955 appellant filed his motion for an extension of time to file a transcript. As grounds appellant stated that three documents, one of which was appellant's second amended original petition, were in the hands of two attorneys, and could not be made available for the timely preparation of the transcript.

But an affidavit by a deputy district clerk, attached to appellees' contest of appellant's motion, states that two of the documents were produced by one attorney immediately upon request by the District Clerk, and the other document, the amended petition, was produced by the other attorney within four days after request was made. The transcript was completed and ready for filing in this Court within thirteen days after June 16, 1955, the date appellant filed his request for a transcript.

Rule 386 T.R.C.P. as interpreted by our Supreme Court permits Courts of Civil Appeals very little discretion in the matter of allowing a late filing of a record. In Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, the Supreme Court dismissed an appeal, thereby reversing a Court of Civil Appeals which had sustained a motion for an extension of time under the rule. We quote from the opinion at page 590 of 249 S.W.2d: "* * * by granting additional time within which to file a motion for permission to file a transcript after the sixty-day period, the Legislature intended to restrict the meaning of 'good cause' to cases in which the appellant *could not* file the transcript within the sixty-day period. Obviously, the restriction left the Court of Civil Appeals with but little discretion in determining whether or not to permit the late filing of a transcript." (Emphasis supplied.) See also Rigdon v. Panhandle Pub. Co., Tex.Civ.App., 233 S.W.2d 230.

Under the undisputed facts before us and in the light of the above holdings, we see no alternative but to sustain appellees' point one.

The appeal is dismissed.