Mrs. Viola GEE, Appellant,

v.

Houston SMITH, Executor, Appellee.

No. 11725.

Court of Civil Appeals of Texas.

Austin.

Oct. 3, 1956.

Davenport & Davenport, San Angelo, for appellant.

Runge, Hardeman, Smith & Foy, San Angelo, for appellee.

HUGHES, Justice.

On August 7, 1956 appellant filed a Motion under Rule 386, Texas Rules of Civil Procedure, for an Extension of Time within which to file the record in this Court.

The motion states that final judgment was rendered May 24, 1956, that appellant "excepted and gave notice of appeal." Appeal bond was filed June 11, 1956.

A statement of facts was ordered immediately after rendition of judgment but due to press of other business "it was impossible (for the court reporter) to prepare the record for filing in the 50-day period required by law for the record to be filed in the trial court."

The trial court has entered an order extending the time for filing the statement of facts and bills of exception in the trial court, such time not to extend beyond the time for filing the record in this Court.

Attached to the motion is an affidavit of the official court reporter dated August 1, 1956, from which we quote:

"* * * during the month of June 1956 I was busy in the trial of cases in Court and it was not possible for me to get the requested Statement of Facts out during said month; that during the month of July when I was in a position to prepare the record attorney for Appellant orally requested what evidence he wished transcribed in the above cause; that I waited to be certain as to the exact testimony wanted so that the preparation of the Statement of Facts would not have to be done piecemeal; that upon learning what was to be desired in the Statement of Facts there is not sufficient time left to prepare the same within the time allowed for filing in said Honorable Court, and that an extension is therefore needed to prepare said record."

Appellant prays that an "extension of time be granted as provided for by Rule 386."

No record has been tendered to our Clerk for filing.

It is our opinion that the motion is insufficient.

The duties of an appellant in obtaining a statement of facts are clearly outlined in Rule 377, T.R.C.P., among which is a written designation of the portion of the evidence desired to be included which designation is to be filed with the court clerk and a copy furnished appellee.

It is clear to us that had appellant performed this duty the court reporter would have been able to prepare the statement of facts within the time allowed.

Under the showing made we feel that we have no discretion and that the motion should be and is overruled.