**S. B. DOUGLAS et al., Appellants,**

**v.**

**J. D. WHEELER, Receiver of U. S. Trust & Guaranty Company and U. S. Automotive Service, Appellee.**

No. 10516.

Court of Civil Appeals of Texas.

Austin.

Nov. 6, 1957.

Rehearing Denied Nov. 27, 1957.

Fritz & Vinson, Dallas, for appellant.

Byron Lockhart, Renne Allred, Jr., Austin, for appellee.

GRAY, Justice.

This appeal by appellants is from a judgment denying them relief in their intervention in the receivership proceedings against U. S. Trust & Guaranty Company and U. S. Automotive Service.

We have heretofore overruled appellants' motion for an extension of time in which to file the statement of facts in this Court and also their amended motion.

Appellants timely filed the transcript in this cause. The cause has been submitted and in oral arguments all parties agree that

the questions presented by appellants cannot be determined without a statement of facts.

We will determine appellants' motion to reconsider our former action.

All dates herein set out are in the year 1957 unless otherwise written. Also all citations to rules are to Texas Rules of Civil Procedure.

At a nonjury trial, judgment was rendered March 27, and it was signed and entered April 2. Notice of appeal was filed April 5, and on May 2, appellants, by letter, ordered the statement of facts. This letter was received by the court reporter May 3.

On June 1, appellants tendered for filing in this Court an incomplete statement of facts consisting of eighty five pages, which was not approved by appellee or the trial court. It was received by the clerk but was not filed. The court reporter's certificate recites that the same "constitutes something less than 20 per cent of the full statement of facts." Said certificate further recites that appellee's attorney and the trial court declined to approve the same because it did not constitute a complete statement of facts, and that in a telephone conversation appellants' attorney said he would approve the same "sight unseen, as a partial statement of facts." There is no other approval by appellants.

There is no showing, and appellants do not contend, that the partial statement of facts was obtained in compliance with Rule 377, or sections (b) and (c) thereof. Moreover this partial statement of facts was never filed or tendered for filing in the trial court. See Rule 381. Gonzalez v. U. S. Fidelity & Guaranty Co., 154 Tex. 118, 274 S.W.2d 537. Under the circumstances here present the question of waiver under Rule 404 has no application because the partial statement of facts never having been filed there was no need for objections or a motion to strike.

■ We adhere to our former view that the partial statement of facts cannot be con-sidered as the statement of facts in this Court and that a statement of facts has not been tendered for filing in this Court within the sixty day period provided by Rule 386.

On May 14 appellants filed their motion in the trial court praying that the time for filing the statement of facts and transcript be extended to July 30 or to such other date as the court deems proper. In the motion it was alleged that the court reporter would be unable to complete the statement of facts in time for it to be filed prior to July 30. The motion was contested, it was set down for hearing and heard May 24 and was overruled. At the hearing the court reporter testified that on March 27 appellants' attorney asked him for an estimate of the costs of a statement of facts and that he gave him an estimate immediately. He further testified that during the month of April the deputy reporter reported the cases that were reported, that during the time he did not have "too much that was pressing" and that if he had received the order for this statement of facts he would have had time to get it out and testified further:

"Q. Wouldn't you have had time to get it out if you had received it within two weeks after the Court handed down this judgment on March 27th? A. Yes.

"Q. Would you have had time if you had received it within three weeks? A. That would be about the middle of April?

"Q. Yes? A. Yes, I think I could.

"Q. That would be April 15th? A. I think I could, yes."

■ We do not regard the action of the trial court on the above motion of controlling importance here because, in any event, he could not extend the time for filing the statement of facts to such time as would delay its filing in this Court beyond the sixty days provided by Rule 386. State v.

Camper, Tex.Civ.App., 261 S.W.2d 465, er. ref. However the above testimony of the court reporter is urged here on the question of the existence of good cause for failure to timely file the statement of facts in this Court.

On May 28, appellants filed in this Court their amended motion for extension of time in which to file the statement of facts. They there said that because of the illness and prior commitments of the court reporter "of which appellants had no notice" the statement of facts could not be completed until on or about July 20, and further that:

"The petitioners, S. B. Douglas, A. M. Fairstein, et al, numbered approximately five hundred persons, scattered throughout most portions of the State of Texas. From prior to entry of such judgment, to May 1, 1957, said Petitioners took diligent efforts to study the possibilities of success on appeal, to ascertain the probable costs, expenses and attorney's fees for such an appeal, to reach a decision as to whether such appeal *such* be taken, to raise the necessary funds for the appeal, and to employ an attorney to represent them in the appeal. Their attorney below, Edward C. Fritz, had been employed only through the trial of the judgment below. Approximately 239 of the original approximately 500 petitioners made the payments necessary to participate in the appeal. Many of them had to await pay-days or monthly annuity payment days in order to obtain funds with which to participate in the appeal. After diligent efforts, Appellants were able to raise the funds necessary for the appeal, complating the raising of such funds on May 2, 1957. It was not until May 1, 1957, that they had raised even the $675.00 court cost deposit required by the District Clerk of Harris County, Texas, and the money necessary for anticipated expenses. It was not until May 2, 1957, that they had raised the necessary attorney's fees, but on May 1, 1957, for the first time, they received assurance that such attorney's fees would be raised by May 2, 1957."

In their motion appellants referred to the above mentioned testimony of the court reporter and said that it

"* * * is totally immaterial because Appellants constitute such a large number of persons, so widely scattered, that it would be unjust to require them to ascertain their rights, to ascertain the costs of appeal, to reach a decision to appeal, to collect the necessary monies for the appeal, and to employ an attorney and order a Statement of Facts within thirteen days after the entry of judgment, or at any time shorter than the time which it actually took them to mail this order for the Statement of Facts, namely thirty days from date of judgment."

Even though the trial court is vested with "broad discretion" in determining what is good cause for the late filing of a statement of facts in that court, State v. Camper, supra, in Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, it is said that the meaning of good cause for failure to timely file the transcript in the Court of Civil Appeals is restricted to cases in which the transcript could not be filed within the sixty day period and that the Court of Civil Appeals is left "with but little discretion in determining whether or not to permit the late filing of a transcript."

Heretofore there was and is now before us an affidavit of the court reporter which in part is:

"This trial consumed three days of the taking of testimony, with an excess of 125 documentary exhibits being admitted.

"On the afternoon of March 27th, 1957 when the Court rendered its judgment, Mr. Fritz asked me the approximate cost of a statement of facts in the case, and I told him what it would be. Mr. Fritz did not order the statement

of facts at that time or any other time until May 3rd. I heard nothing further from him until I received his letter dated May 2nd, which, as heretofore stated, was received by me on May 3rd.

"Had I received Mr. Fritz' request at any time within two or three weeks from the date the Court rendered its decision, I could have prepared and completed the statement of facts and had it ready for filing within the fifty day period from the date of the judgment, to-wit: Prior to May 22, 1957."

The court reporter said that if the statement of facts had been promptly ordered he could have gotten it out and estimated that it would have taken him about ten days. Appellants say they could not promptly order the statement of facts because of existing conditions stated in their motion and quoted supra.

Rule 377(c) in part reads:

"Promptly after notice of appeal is given and where a request is made of the official court reporter for the preparation of a transcript of all or any part of the evidence adduced on the trial of the case, * * * the appellant shall deliver or mail to the appellee or his counsel and file with the clerk of the court a designation in writing of the portions of the evidence desired, and shall specify the portions desired in narrative form, if any, and the portions desired in question and answer form, if any, and the portions that are desired to be omitted. * *"

In Proctor v. Wilcox, 68 Tex. 219, 4 S.W. 375, 376, it is said:

"We are of opinion that, after a judgment in the court below, the party desiring to appeal should be held to the strictest diligence in preparing his case for the higher court."

Though it is not mentioned this holding was no doubt bottomed upon a legislative enactment as is also true of the holding in Matlock v. Matlock, supra where the source of Rule 386 is stated.

■ Even if it might be said that appellants, who were parties to the cause in the trial court, were not compelled to anticipate an adverse judgment, when that judgment was announced and entered, if they desired to appeal then they were required to prepare such appeal with diligence. They waited thirty days, one half of the sixty day period provided for filing the statement of facts in this Court before it was ordered when the facts show that if it had been ordered promptly or within two weeks after the rendition of the judgment the court reporter could have gotten it out in time. Under these circumstances we must hold that the facts do not show that the statement of facts could not have been timely filed. Matlock v. Matlock, supra. Gee v. Smith, Tex.Civ.App., 294 S.W. 2d 415.

Appellants agree that a statement of facts is necessary to their appeal. There is no statement of facts before us and no question for review in its absence and the judgment of the trial court must be and it is affirmed.

Affirmed.