Alvin WIGINGTON, Appellant,

v.

PARKER SQUARE STATE BANK, Appellee.

No. 16966.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 13, 1959.

Lester O. Berg, Abilene, for appellant.

Nelson, Montgomery, Robertson & Sellers, and Ernest Robertson, Wichita Falls, for appellee.

### PER CURIAM.

We have before us a motion asking for an extension of time for filing the transcript under the provisions of Texas Rules of Civil Procedure, rule 386. While the motion was under consideration the appellant tendered the transcript which he desired filed.

We have concluded that the motion must be overruled in that to grant the same in the face of the record before us and under consideration for purposes of the motion would amount to an arbitrary act by the court.

■ We do not believe it is to be doubted in the ordinary instance that good cause is shown for delay in filing transcript in the Court of Civil Appeals by an affidavit of the clerk of the trial court such as was attached to appellant's verified motion, reading as follows:

"Flora Cobb, District Clerk of the 89th District Court of Wichita County, Texas, being duly sworn, says that she was unable to finish the transcript within the 60 days required by the rule because she was unable to contact the appellant and some of the instruments were lost. Although diligent search was made by the District Clerk, she was unable to find the documents within the time allowed and they were only discovered in the hands of the court reporter on January 19, 1959 who returned them to the District Clerk on that date."

■ However, as in the present instance, when a contest is filed to the motion by the appellee, with another affidavit by the same clerk which states that the former "is inaccurate in certain details and may raise implications or inferences which are not justified by the true facts" and proceeds to recite the fact that between the dates of December 15, 1958, and December 31, 1958, all the essential instruments necessary to make a transcript other than the appellee's motion for summary judgment, and affidavits in support thereof, plus recitation of the fact that by the last named date the clerk had fully prepared all of said instruments for inclusion in the transcript, the matter of whether good cause actually exists becomes clouded with some doubt.

When the clerk's second affidavit proceeds further and states that during the week beginning January 5, 1959, she told the appellant over the telephone that he had only a few more days to get the transcript to the Court of Civil Appeals, followed by an absence of any act on the part of the appellant, and an absence of any communication from him, until date of January 20, 1959 (said date being several days subsequent to the expiration of sixty (60) days after the simultaneous entry of judgment and notice of appeal and subsequent to the time provided by T. R. C. P. 386 for the transcript to be filed in the Court of Civil Appeals), with no attack made by the appellant upon the verity of said facts to which the clerk made affidavit,—we reach the conclusion that the motion for extension of time is not supported by a showing of good cause.

In Jaye v. Texas Consolidated Oils, Tex. Civ.App., Dallas, 1956, 287 S.W.2d 688, the court reached the conclusion that the Legislature, in the statute which was brought forward in the Rule, by granting additional time within which to file a motion for permission to file a transcript after the 60 day period, intended to restrict the meaning of "good cause" to cases in which the appellant could not file the transcript within said prescribed period. In Rigdon v. Panhandle Pub. Co., Tex.Civ.App., Amarillo, 1950, 233 S.W.2d 230, it was held that the appellant's showing as a predicate for an order of the Court of Civil Appeals granting a delay in said instances should demonstrate that the delay was excusable and not caused by the appellant's own negligence.

Our conclusion that good cause for delay is not shown is fortified by the fact that the clerk's affidavit states that the appellant did not, prior to January 19, 1959 (said date also being subsequent to the expiration of the 60 day period) designate any instrument for inclusion in the transcript other than or in addition to those which were actually in the possession of the clerk and prepared for binding in the usual form of a transcript on or before December 30, 1958.

■ This court is disposed to make every construction which is reasonably possible in favor of the right of appeal within the limits of the Rules. In this case we have tried to find reasonable justification for the entry of an order which would extend the period within which the transcript could be filed. In so doing we have in-

dulged presumptions in favor of the appellant wherever the first affidavit of the clerk may be said to be contradictory of the second, and have done likewise with the other affidavits before us in support of the motion and in support of the contest thereof. We have, however, disregarded the statements of the appellant in respect to certain instruments he says were lost but which the clerk says were in her possession, for the necessary reason that the appellant's statements were bound to have been based on hearsay under the best possible presumption and as such would be insufficient as evidence in view of the direct evidence to the contrary. There is no averment by the appellant that he was misled through any misinformation received from the clerk.

Appellant's motion is overruled.