Merlin A. THOMAS, Appellant,

v.

INTERNATIONAL HARVESTER COMPANY, Appellee.

No. 13472.

Court of Civil Appeals of Texas.

San Antonio.

March 4, 1959.

G. Woodson Morris, Edward J. Vance, San Antonio, for appellant.

Carl Wright Johnson, San Antonio, for appellee.

PER CURIAM.

This is before us by way of a motion for extension of time to file statement of facts. Judgment was signed on November 5, 1958. Motion for new trial was overruled on December 3. By letter dated January 7, 1959, appellant ordered abbreviated statement of facts. The statement of facts was completed, as appears from the reporter's certificate, on January 15, 1959. In other words, on the forty-third day after judgment the abbreviated statement of facts was ready. Fifteen days later, on January 30, 1959, appellant presented the statement of facts to appellee who objected to it. February 2, 1959, was the last day for filing, that being the sixty-first day, but the sixtieth day fell on Sunday. On that last day it was not filed, for the record was not yet settled. On February 16 appellant filed in this Court a motion to extend the time for filing the statement of facts, which is resisted by appellee because, among other reasons, the court still had not settled the contents of the abbreviated statement of facts. Not until February 23rd did appellant present the matter to the trial court, and the record is still confused as to the action then taken.

An order of the trial court shows that it sustained objections to the record. Among those objections sustained were the ones that the statement of facts does not contain all matters essential to the decision of the questions presented on appeal, it is in violation of Rule 377, Texas Rules of Civil Procedure, and the abbreviated statement of facts would leave an erroneous impression as to the matters which transpired in the trial court. There are numerous other objections to the record, which were sustained.

Appellant attached to his supplemental motion for extension of time, a copy of the judge's certificate to the abbreviated statement of facts. It bears date of February 23rd and, after striking out the words "as the Statement of Facts in this cause," the certificate states: "The above and foregoing transcript examined, found correct, and the same is approved as such and ordered filed."

In our opinion, there was no good cause for the delay. Appellant did not order the record for thirty-four days. After the order was placed, the reporter completed the abbreviated statement of facts within eight days. Appellant then did nothing for fifteen days. Had he been diligent, he could have filed the record within fifty days after judgment. Not until after the expiration of the sixty-day period, and even after he had filed his motion for extension of time in this Court, did appellant present the record to the trial court for settlement. The record is still confused.

The motion for an extension of time to file the statement of facts is denied.