Georgie HARRISON et vir, Appellants,

v.

Domingo R. Pompa BENAVIDES et ux., Appellees.

Motion No. 19579.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 23, 1959.

James Haynes, Jr., Laredo, for appellant.

L. B. Cooper, Cotulla, for appellee.

BARROW, Justice.

Domingo R. Pompa Benavides and Concepcion Arredondo de Benavides filed in this Court on September 8, 1959, a motion seeking thirty days additional time within which to file their transcript and statement of facts in this Court. The majority of this Court have granted said motion, without written opinion, but in view of the fact that Chief Justice Murray has prepared a vigorous dissenting opinion, we feel constrained to issue an opinion presenting our views in the matter.

The motion and agreement of counsel are copied in the dissenting opinion and will only be referred to here. The affidavit of the court reporter filed with the motion is as follows:

"No. 4188

| "Georgie Harrison et vir vs. Domingo R. Pompa Benavides et ux | In the District Court 81st Judicial District LaSalle County, Texas |

| "The State of Texas County of Bexar |

"I, John Waide, Official Court Reporter, 81st Judicial District of Texas, do hereby certify I, in my official capacity as above, reported in shorthand the testimony and proceedings had in connection therewith in the trial of the above entitled and numbered cause, same being on the 22nd day of June, 1959; that on the 11th day of August, 1959, I received a request from Mr. James Haynes, Jr., Laredo, Texas, attorney for the defendant herein, for a statement of facts covering said trial; that since said time, due to other official business, I have been unable to complete such statement of facts before August 26, 1959; that within thirty days after said August 26, 1959, I will be able to so complete same.

"(signed)   John Waide
"Subscribed and sworn to before me this 21st day of August, 1959.
"(signed)   Rudolph Obregon
Notary Public
"(Seal)   Bexar County, Texas"

Rule 386, Texas Rules of Civil Procedure, reads as follows:

"Time to File Transcript and Statement of Facts. In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion

filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

The motion asserts that it is filed within the time required by said rule. It gives a reason why the record could not be filed in the trial court. As we interpret the motion it shows that an extension of time was granted by the trial court, as required by Rule 381, T.R.C.P.

The affidavit of the court reporter, filed with and in support of the motion, shows that he, as Official Court Reporter of the 81st Judicial District of Texas, in the District Court of La Salle County, reported the proceedings in the trial of this cause in said court on the 22d day of June, 1959; that on August 11, 1959, he received a request from appellants' attorney for a statement of facts covering said trial; that due to other official business, he had been unable to complete said statement of facts before August 26, 1959, but would be able to do so within thirty days thereafter.

We agree that ordinarily, as a matter of practice, the record before us should show the date of the judgment, because it is from that which we can determine whether or not the motion is timely filed, but we do not agree that such other matters as are detailed and set out in the dissenting opinion are either essential or jurisdictional, so long as the motion is filed on time and shows "good cause."

It may be inferred from the affidavit of the Court Reporter that the judgment was signed June 27, 1959 (sixty days prior to August 26, 1959). But, in any event, it could not have been signed or rendered prior to June 22, 1959, because the case was tried on that date. In either event, the motion was filed within the time required by the rule.

The record shows that the case was tried in one day, and presumably the statement of facts could have been prepared within two or three days after the order was given to the reporter, at least it could have been prepared well within the time allowed for filing in this Court, had it not been for other official business of the reporter.

■ In our opinion, the question of determining jurisdiction falls in three categories: (1) Where the record has not been filed in this Court within sixty days from the date of judgment and no motion is filed within seventy-five days, or a motion having been granted, the record is not filed within the time allowed under the terms of the order; (2) where the motion, together with the affidavits, shows on the face of the record that the transcript and/or statement of facts, as the case may be, could have been filed within the time allowed by the rule, and thus the motion is insufficient as a matter of law; (3) where the record has not been filed within the sixty-day period provided by Rule 386, T.R.C.P., but a motion has been timely filed which attempts to show "good cause" why the record could not be filed within the sixty-day period, thus presenting a fact issue to be determined by the Court of Civil Appeals.

The first two categories present jurisdictional questions. The Court does not have jurisdiction of the case where the record is not filed within the time allowed by the rule. The Supreme Court has passed on the second class in Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587; and the Austin Court of Civil Appeals, in Ortiz v. Associated Employers Lloyds, 294 S.W.2d 880. In each of these cases the facts showed that the record was in fact completed and ready for filing before the expiration of the sixty-day period. The Courts held, as a matter of law, that the record failed to show that the record could not have been filed in time.

■ In the third category a question of fact is presented. The question of "good cause" is an ultimate issue of fact for the determination of the Court of Civil Appeals.

The Amarillo Court of Civil Appeals, in Bradshaw v. Bradshaw, 187 S.W.2d 688, 689, has well stated the rule to be followed by the Court in passing on this question:

> "According to the interpretation given to Rule 386 by the Supreme Court, appellant is charged with the duty of making some sort of showing as to why the record was not presented for filing by the clerk of this court within the sixty days and is charged with the duty of furnishing satisfactory proof to this court that the delay was excusable. Otherwise, an order by this court authorizing the record to be filed would be an arbitrary act by this court."

■ We believe the record in this case measures up to the test. It shows that appellants requested the court reporter to prepare the statement of facts in sufficient time for him to have done so well within the sixty-day period, and that the reason why the reporter could not do so was "due to other official business."

■ We do not believe that the expression "good cause" why the record could not have been filed in time requires that appellant show an utter impossibility. We have been unable to find any authority for such a drastic requirement. It requires him to show that the delay was excusable in the light of the particular facts and attending circumstances.

We are not to be understood as holding that jurisdiction of the Court can be conferred by agreement of counsel, and we do not so hold. But we do believe that the agreement of appellee can be considered along with other facts. When the appellee, the party who is entitled to oppose the motion and who is entitled to a speedy enforcement of his judgment, agrees to the motion, it is at least a concession that the motion is not merely a delaying action on the part of appellant.

The right to an appeal is a valuable right and should not be denied on mere technical grounds. The motion is granted.

MURRAY, Chief Justice (dissenting).

Domingo R. Pompa Benavides and Concepcion Arredondo de Benavides filed a motion in this Court on September 8, 1959, asking for an extension of thirty days within which to file the transcript and statement of facts in this Court in the above styled cause. The majority of this Court have granted this motion. I do not concur in this action. The motion does not meet the requirements of Rule 386, T.R. C.P., which provisions are mandatory and jurisdictional. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587; A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853; Reynolds v. Dallas County, 146 Tex. 372, 207 S.W.2d 362; Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956; Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585; Ortiz v. Associated Employers Lloyds, Tex.Civ.App., 294 S.W.2d 880; Jaye v. Texas Consol. Oils, Tex.Civ.App., 287 S.W. 2d 688; Hanna v. Home Ins. Co., Tex.Civ. App., 260 S.W.2d 891; Crawford v. Crawford, Tex.Civ.App., 256 S.W.2d 875; Donnelly v. Donnelly, Tex.Civ.App., 241 S.W. 2d 754; Rigdon v. Panhandle Publishing Co., Tex.Civ.App., 233 S.W.2d 230; Eldridge v. Lake Whitney Enterprises, Tex. Civ.App., 231 S.W.2d 466; Darden v. Davies, Tex.Civ.App., 217 S.W.2d 892; State ex rel. Crawford v. Wagner, Tex.Civ. App., 203 S.W.2d 795; Bradshaw v. Bradshaw, Tex.Civ.App., 187 S.W.2d 688.

The motion filed by the above parties reads as follows:

"Georgie Harrison, et vir

vs

Domingo R. Pompa Benavides, et ux

In the Court of Civil Appeals 4th Supreme Judicial District At San Antonio, Texas

"To Said Honorable Court:

> "Appellants in the above entitled and numbered cause show that they have taken appeal from the judgment of the trial court rendered herein, that they have not filed the transcript and statement of facts therein with the clerk of

this court with the 60 days required by the rule; that within this, a reasonable time, and not exceeding 15 days after the expiration of such 60 day period they make this motion and show that good cause existed, within such 60 day period and to this date, why such transcript and statement of facts could not be so filed, viz.: That the court reporter who reported the testimony was not able, because of other official business, to prepare his statement of facts for filing in the trial court within the 50 days required by Rule 381, Texas Rule of Civil Procedure, and an extension of time to file the same in the trial court was therefore necessary; that following the preparation of such transcript it was necessary for the attorneys of the parties to read and examine the same for the purpose of making necessary corrections; that an extension of time of 30 days after the expiration of the time otherwise provided by Rule 386, Texas Rules of Civil Procedure for filing such transcript and statement of facts in this Honorable Court would be sufficient for such purpose, and opposing counsel have agreed to such extension, such agreement being hereto attached.

"Wherefore, movant prays this Honorable Court to extend the time for filing the transcript and statement of facts in this cause for a period of 30 days from and after September 5, 1959.

"Dated this 5 day of September, 1959.

"Domingo R. Pompa Benavides and Concepcion Arredondo de Benavides

"By: /s/ James Haynes, Jr.

"James Haynes, Jr.

"Attorney for Appellants"

The motion is not verified and is not supported by affidavits, with one possible exception to which I will later refer.

The motion does not set out the following essential facts: In what court the judgment was rendered (the motion does not even show that the judgment was rendered within the 4th Supreme Judicial District of Texas); the date of the judgment appealed from, the date of filing notice of appeal, if any, the date of filing the appeal bond, if any, the date of ordering the statement of facts from the official court reporter, the date on which a request for additional time for the filing of the statement of facts was filed in the trial court, as is provided by Rule 381, if such request was in fact filed.

The motion recites that attached to it is an agreement by opposing counsel to such extension of time, but no such agreement is attached to the motion. However, on the same day the motion was filed, there was filed in this Court the following stipulation of the parties, omitting formal parts, reading as follows:

"The parties to the above numbered and entitled cause hereby agree that appellants herein, who are appealing such cause to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, may file the transcript and statement of facts therein at anytime within 30 days after the expiration of the time otherwise provided by law, hereby waiving all requirement of the law to the contrary.

"Witness The Hands Of such parties by their attorneys this 1 day of September, 1959."

It is well settled in this State that the transcript and statement of facts may not be filed in the Court of Civil Appeals after the expiration of the sixty-day period by agreement of the parties. Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956; Schleicher v. Runge, 90 Tex. 456, 39 S.W.2d 279; Lyell v. Guadaloupe County, 28 Tex. 57; Ortiz v. Associated Employers Lloyds, Tex. Civ.App., 294 S.W.2d 880; Straley v. Commissioners Court of Lampasas County, Tex. Civ.App., 266 S.W.2d 469; Stolz v. Wood Sherman Const. Co., Tex.Civ.App., 67 S.W. 2d 412; Pope v. Wedgeworth, Tex.Com.

App., 221 S.W. 950; Carlton v. Ashworth, Tex.Civ.App., 45 S.W. 203.

Rule 5, Texas Rules of Civil Procedure, provides in part as follows:

"* * * but it (the Appellate Court) may not enlarge the period * * * for taking an appeal * * * from the trial court to any higher court * * *, except as stated in the rules relating thereto."

This rule is mandatory. A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853; Reynolds v. Dallas County, 146 Tex. 372, 207 S.W.2d 362; State ex rel. Crawford v. Wagner, Tex.Civ.App., 203 S.W.2d 795. Thus we must turn to Rule 386, T.R.C.P., to determine when this Court may grant an enlargement of time for the filing of a transcript and statement of facts in this Court. Rule 386 provides, in effect, that the record must be filed in this Court within sixty days from the rendition of final judgment or order overruling the motion for a new trial, or perfecting of a writ of error, and we are authorized to extend that time only where a motion is filed in this Court within seventy-five days after the rendition of such judgment or the overruling of the motion for a new trial, showing "good cause" to have existed within such sixty-day period why said transcript and statement of facts could not have been filed within the sixty-day period. It does not provide that such an extension can be granted by agreement or in any other manner.

The motion above set out does not, as a matter of law, show such "good cause." Ordinarily, before an appellant can show good cause for a delayed filing of the record, he must show that promptly after the rendition of judgment he requested the court reporter to prepare a statement of facts, that he promptly complied with rules 376, 377 and 377–a, T.R.C.P., and that thereafter the delay in filing the record in the appellate court within the sixty-day period was not due to any negligence on his part, but that he had used great diligence to secure such filing within the time  If he has not acted promptly in ordering the statement of facts, he should show "good cause" for such delay. Dellerman v. Trager, Tex. Civ., 327 S.W.2d 667; Thomas v. International Harvester Co., Tex.Civ.App., 321 S.W.2d 650; Wigington v. Parker Square State Bank, Tex.Civ.App., 321 S.W.2d 334; Couch v. City of Richardson, Tex.Civ.App., 313 S.W.2d 949; Gee v. Smith, Tex.Civ. App., 294 S.W.2d 415; Douglass v. Mercer, San Antonio Court of Civil Appeals, 124 S.W.2d 401.

There is attached to the agreement of the parties filed herein, an affidavit of the court reporter of La Salle County (this is some indication that the case was tried in the 4th Supreme Judicial District), stating that he was the "Official Court Reporter" in this cause and that it was tried on June 22, 1959; that he received a request for the statement of facts on August 11, 1959, and if we accept June 22 as the date upon which judgment was rendered, then this. was the fiftieth day after the rendition of the judgment, and the day the statement of facts should have been filed in the trial court under the provisions of Rule 381, T.R.C.P. There is nothing in the motion, the agreement, nor the affidavit of the court reporter that tends in any way to excuse the waiting of fifty days after judgment before placing an order with the official court reporter for the statement of facts. The provisions of Rule 386, supra, make it plain that we have no jurisdiction to grant an extension of time for filing the record in this Court, unless a motion is timely filed showing "good cause" why the record could not have been filed during the sixty-day period. Douglas v. Wheeler, Tex.Civ.App., 306 S.W.2d 956 (waited 30 days to order statement of facts); Couch v. City of Richardson, Tex.Civ.App., 313 S.W.2d 949 (waited two months before ordering the statement of facts); United States v. Pacific Finance Corp., Tex.Civ.App., 270 S.W.2d 459; Gee v. Smith, Tex.Civ.App., 294 S.W.2d 415; Gibson v. McCullough, Tex.Civ.App., 294 S.W.2d 759; Hanna v. Home Ins. Co., 260

S.W.2d 891; Eldridge v. Lake Whitney Enterprises, Tex.Civ.App., 231 S.W.2d 466; Donnelly v. Donnelly, Tex.Civ.App., 241 S.W.2d 754; Thomas v. International Harvester Co., Tex.Civ.App., 321 S.W.2d 650 (34 days late ordering statement of facts).

It is just as essential that the motion show "good cause" as it is that it be timely filed. Bowman v. Phillips Petroleum Co., Tex.Civ.App., 142 S.W.2d 540.

. I am of the opinion that this Court does not have jurisdiction to grant this motion, and that the order of the majority granting it is null, void and of no effect.

I respectfully dissent.