**Hazel HODGES, a widow, Appellant,**

**v.**

**CENTRAL BANK & TRUST COMPANY et al., Appellees.**

**No. 8006.**

Court of Civil Appeals of Texas, Texarkana.

Jan. 19, 1971.

Hazel Hodges, pro se.

W. A. Pritchard, Anderson, Henley, Shields, Bradford & Pritchard, Dallas, Samuel C. Harris, Gladewater, Earl Sharp, Longview, for appellees.

DAVIS, Justice.

On or about December 12, 1957, Hazel Hodges, appellant, executed her promissory note payable to the order of the Gladewater Federal Savings and Loan Association, Gladewater, Texas, in the principal sum of Three Thousand Six Hundred Sixty-Two and 59/100—($3,662.59) Dollars, and payable in installments of $43.00 per month beginning on December 20, 1957. On December 12, 1957, appellant executed a First Deed of Trust lien to Samuel C. Harris, Trustee, for Gladewater Federal Savings & Loan Association.

On or about June 17, 1965, Hazel Hodges, appellant, executed a promissory note payable to the order of the Central Bank & Trust Company of Farmers Branch, Texas (hereinafter referred to as Central Bank), in the principal sum of Eight Thousand Seven Hundred Fifty-three and 61/100 ($8,753.61) Dollars, payable in 23 monthly payments of Two Hundred and No/100 ($200.00) Dollars, beginning July 20, 1965, and the balance of said note becoming due and payable on July 20, 1967. Appellant also executed to Central Bank a second Deed of Trust lien.

Appellant defaulted in her payments to Central Bank and they foreclosed on the second Deed of Trust lien. Thereafter, appellee, Central Bank, purchased the note and first Deed of Trust lien from appellee, Gladewater Federal Savings & Loan Association. Appellant had defaulted in the payment of the first note. Central Bank foreclosed on the first deed of trust lien.

Appellee, Central Bank, made demand of appellant for possession of the property. Appellant refused. Suit was then filed by appellee, Central Bank, against appellant. Appellee, Central Bank, then filed a third party action against appellee, Gladewater Federal Savings & Loan Association. Appellant filed a cross-action against both of the appellees.

The case was called for trial. After all parties had offered all their evidence, had rested and closed their cases, appellee, Central Bank, filed a motion to withdraw the case from the jury and render judgment in its favor and that appellant take nothing. The motion was granted. Judgment was signed and entered on March 17, 1970, in favor of appellee, Central Bank. A written motion for new trial was filed by appellant. It was overruled on April 17, 1970. Appellant filed a written notice of appeal and filed an appeal bond. The transcript was filed in this Court on June 2, 1970.

■ Appellant filed several motions for extensions of time in which to file the statement of facts. None of the motions showed any good cause why this court should grant her the privilege of filing the statement of facts after the 60 days had expired as required by Rule 386, Texas Rules of Civil Procedure. The statement of facts has still not been filed in this Court. If it had been presented to this Court after the 60 days had expired, we would have had to deny the filing of the same. Williams v. Williams, Tex.Civ.App. 1965, 392 S.W.2d 539, n. w. h.; Consolidated Casualty Insurance Company v. Wade, Tex.Civ.App., 1963, 373 S.W.2d 841, err. dis.; Lynn v. Clark, Tex.Civ.App., 1961, 351 S.W.2d 538, n. w. h; Watson v. Jones, Tex.Civ.App., 348 S.W.2d 414, n. w. h.; Dellerman v. Trager, Tex.Civ. App., 1969, 327 S.W.2d 667, err. dism.; Fellers v. Anco Sales Company, Tex.Civ. App., 1959, 327 S.W.2d 797; Ortiz v. Associated Employers Lloyds, Tex.Civ.App., 1956, 294 S.W.2d 880, n. w. h.; Jaye v. Texas Consolidated Oils, Tex.Civ.App., 1956, 287 S.W.2d 688, n. w. h.; United States v. Pacific Finance Corporation, Tex. Civ.App., 1954, 270 S.W.2d 459, n. w. h.; Hanna v. Home Insurance Company, Tex. Civ.App., 1953, 260 S.W.2d 891; Matlock v. Matlock, 1952, 151 Tex. 308, 249 S.W.2d 587; Rigdon v. Panhandle Publishing Company, Tex.Civ.App., 1950, 233 S.W.2d 230, n. w. h.; State ex rel. Crawford, et al. v. Wagner, et al., Tex.Civ.App., 1947, 203 S.W.2d 795, err. ref.

■ Appellant brings forward five points of error. Without the statement of facts, we must assume that the trial court was correct in rendering judgment for the appellee, Central Bank. The only error that could be considered in this case would be a "fundamental error." We have carefully examined the pleadings, transcript, and the briefs, and are unable to find any fundamental error that was committed. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.